### HALL *vs.* DAVID, executor.

A testator died in 1864, leaving a will by one item of which he bequeathed two negroes, of a stated value, to his daughter, to be delivered to her by the executors upon her arriving at the age of twenty-one, or upon being married, and provided that if either or both of the negroes should die before the daughter became of age, she should be made equal to the other children out of the estate of the testator. The negroes did not die, but were emancipated before the daughter became of age:

*Held,* that by the will title to the negroes vested in the daughter, with delivery of possession postponed, and that the loss occasioned by emancipation fell upon her, not upon the estate.

Wills. Legacies. Before Judge Pottle. Madison Superior Court. March Term, 1881.

Reported in the decision.

J. B. ESTES & SON; C. B. HENRY, by brief, for plaintiff in error.

W. G. JOHNSON, for defendant.

SPEER, Justice.

Plaintiff in error brought suit to recover a legacy alleged to be due under the will of testator.

Upon the hearing, all the questions of fact being admitted, and the construction of a certain item in the will of testator being a question of law for the court, it was agreed to submit the same to Judge Pottle for decision without the intervention of a jury. It was admitted that the testator, Morassett David, died in 1864; that his daughter, Lucy E., mentioned in the fifth item of his will, was married to James P. Hall, plaintiff in error, in 1866, became of age in December, 1866, and died intestate in 1878, leaving as her heirs at law her husband, plaintiff in error, and two children. It was further admitted that the two negroes mentioned in the said fifth item of the will of Morassett David were not dead at the time Lucy E. attained her majority, but were living and duly emancipated by the results of the war.

The fifth item of the will of testator is as follows: " I give and bequeath unto my daughter, Lucy E. David, the following negroes, to-wit : One negro girl named Sarah Jane, which I value to her at $400.00; and one negro boy named Solomon, which I value to her at $400.00; also, the like value in horse, bridle and saddle, bed and furniture, making her equal with the older children, to be delivered to her by executors when she becomes twenty-one years of age, or marries; and in the event that both

or either of said negroes die before said Lucy becomes of age, then and in that event, she to be made equal with the rest of my children out of my estate."

The question submitted to the court for decision was, whether under the foregoing facts and under the item of the will set forth, James P. Hall and his children, as the representatives of his deceased wife, Lucy E., are entitled to have and receive out of the residuum of the estate of the testator, the value of the two negroes, Sarah Jane and Solomon, bequeathed to Lucy E. David, which, though not having died, were emancipated before she attained her majority.

On argument had, the judge held that the negroes, not having died before Lucy E. attained her majority, the title to the same had vested in her upon the death of the testator, though the delivery was postponed until she attained her majority, in December, 1866, and that the plaintiff in error and his children were not entitled to recover the value of said negroes, since the loss of them as property was not occasioned by death, but by emancipation, and that the loss fell on said Lucy E. David, and not upon the estate.

To this judgment the plaintiff in error excepted, and assigns the same as error.

" The first thing to be ascertained in the construction of a will is the intention of the testator. This is the polar star. This intention is imperative on the courts, unless it is in conflict with some established rule of law. If it is, the law is more important than the intention, and the latter will yield to the former. The courts will studiously give effect to the intention, unless constrained by the law to disregard it."

The intention is to be ascertained, primarily, from the will itself. That is generally the highest and best evidence of it. In most cases it is the only evidence.

The testator having written his will, the writing is the exponent of his intentions, and if that is clear—if in the

will itself there is no ambiguity, it is solemnly obligatory upon the court. In this case we see no ambiguity of any kind. The will of itself is clearly, conclusively, demonstrative of the intention of the testator. " A testator is always presumed to use the words in which he expresses himself according to their strict and primary acceptation, unless from the context of the will it appears he has used them in a different sense; in which case the sense in which he thus appears to have used them, will be the sense in which they are to be construed." 8 *Ga.*, 34. Tested by this rule of construction, this testator clearly gave to his daughter, Lucy E., the two negroes named— the title to the same passing to her at the time of his death; but the delivery to be postponed until she became twenty-one years of age, or married. Annexed to this bequest and delivery contemplated, there was but *one* condition, to-wit, " and in the event that both, or either, of said negroes die before said Lucy becomes of age, then, and in that event, she is to be made equal with the rest of my children, out of my estate." It appears from the admitted facts that neither of said negroes died before the legatee attained her majority, but were living and emancipated. Against the loss of these negroes by emancipation the will does not provide, nor does it indemnify, in such loss, the legatee. The bequest having attached thereto there was only one condition that would give a claim to this legatee for reimbursement out of the estate, and that condition not having occurred, it is not the duty or in the power of courts to annex another condition to that contained in the will. To do so would be to make a will for the testator, and not to construe the one he has made for himself. However hardly this construction may bear upon these plaintiffs in error, they should bear in mind that a like calamity of loss of similar property bequeathed to other legatees under the same will was likewise their portion. We see, therefore, no error in the judgment of the court, holding that the estate was not liable for the

loss of these negroes occasioned by their emancipation, under the bequest in this will.

40 *Ga.*, 25, 577; 38 *Ib.*, 566; 12 *Ib.*, 47; 1 Bailey Eq. Rep., 298; 8 *Ga.*, 36–37.

Judgment affirmed.