## KELLY v. BAUGHMAN.

No. 8114—Opinion Filed July 31, 1917.

Rehearing Denied Nov. 6, 1917.

(167 Pac. 80.)

1. **Contracts— Construing Instruments Together—Instruction.**

The two agreements in writing presented here constitute one contract, being supplementary one to the other, and should be construed together. This is true although not dated at the same time,· yet they refer to the same subject-matter, and on their face show that each was executed as a means of carrying out the intent of the other.

2. **Appeal and Error — Judgment on Directed Verdict—Evidence.**

Where the defendant declines to introduce any evidence, a judgment of the court sustaining a motion for a judgment against him on the evidence of the plaintiff will not be disturbed upon appeal, where the evidence as introduced is reasonably sufficient to support the judgment of the court.

(Syllabus by Hooker, C.)

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by W. M. Baughman against H. E. Kelly, doing business as the Kelly Motor Company, with cross-petition by defendant. Demurrer to petition overruled, plaintiff's motion for an instructed verdict granted, and defendant brings error. Affirmed.

Hainer, Burns & Toney, for plaintiff in error.

James R. Lewis, for defendant in error.

Opinion by HOOKER, C. In the petition filed in this cause it is alleged that on the 12th day of November, 1914, the plaintiff in error through its traveling representative, W. J. Casterton, entered into negotiations with the defendant in error seeking to employ him to sell automobiles, etc., and to procure prospects for the purchase therefor in Murray county and certain townships in Garvin county. Okla., and that after some negotiations between said parties the said Casterton drew up a contract and certain schedules, which are attached to the original petition here, as constituting the agreement between the parties with reference to the subject-matter of said contract, but that the defendant in error refused to sign the same unless said contract contained the further provision that plaintiff would be entitled to a discount on any cars sold by him in said territory, and would also be entitled

to a discount on other cars sold in said territory provided the defendant in error had sent to the plaintiff in error the names of said prospects, or that it had closed the deals for the defendant in error, and that no sale would be made in said territory without first getting consent of the defendant in error, and that thereupon said Casterton notified said defendant in error that ·he was not authorized to make any additional conditions in said contract, but that if the defendant in error would sign said contract with the understanding that additional conditions would be added by the plaintiff in error before being signed by him and before said contract would be effective and binding on either of the parties, that he, Casterton, would forward said contract and schedules together to the plaintiff in error, and, if accepted by him, said additional conditions would be added to said contract, and signed by the plaintiff in error and mailed to him at Davis, Okla.

It is further alleged that on the 16th day of December, 1914, the plaintiff in error accepted said contract, with the additional conditions added thereto as required by the defendant in error, and mailed the documents to the defendant in error at Davis, Okla., and that these documents constituted the contract between the parties with reference to the subject-matter thereof.

It is further claimed that on the 17th day of March, 1915, while said contract was in full force and effect, the plaintiff in error sold to one B. Wolf of Murray county, Okla., one certain automobile for the sum of $985,-plus the freight for which the plaintiff in error was paid in cash, and that the said B. Wolf was on said date a prospective purchaser of an automobile, secured by the defendant in error in his territory, of which fact the plaintiff in error had due and timely notice, and that by reason thereof there was due to the defendant in error a commission for which this action is instituted to recover.

The answer of the plaintiff in error was a general denial and a cross-petition.

Upon the trial of this cause in the court below, the defendant in error testified to the facts substantially as alleged in his petition, save and except that it appears in the evidence that on the 17th day of March, 1915, the plaintiff in error had attempted to cancel the contract then existing between him and the defendant in error, and that on that date he notified the defendant in error that said contract was no longer in

force, but that the same was on that date canceled. And it further appears that the sale of this automobile to the party Wolf was not made until a few days thereafter, but before the expiration of ten days after the cancellation of said contract was attempted to be made by the plaintiff in error. At the conclusion of the evidence introduced by the defendant in error, plaintiff below, a demurrer was interposed by the plaintiff in error and overruled, to which the plaintiff in error excepted and declined to introduce any proof, but rested his case. Thereupon the defendant in error moved the court to instruct the jury to return a verdict in his favor and against the plaintiff in error for the sum of $147.50, being a 15 per cent. commission on $985 the purchase price of said automobile, which motion was by the court sustained, to which ruling the plaintiff in error excepted, and to reverse which has appealed to this court.

The contract, which was presented to the defendant in error for his signature at the time that the negotiations were first had between him and the agent of the plaintiff in error, and which, under the evidence, was signed by him on November 12, 1914, was forwarded to the plaintiff in error from Davis, Okla., the home of the defendant in error, to the plaintiff in error at Oklahoma City, Okla., for approval and signature with certain conditions added thereto, provides that, the defendant in error as a limited dealer should be entitled to a 15 per cent. discount off of the list price of all automobiles sold by him within the territory allotted to him under said contract. And clause No. 17 thereof, provides:

"That in respect to sales of automobiles for use outside his territory, the limited dealer will abide by the Studebaker policy and that he will report to the company, whose decision shall be final, all controversies that may arise between him and another dealer in regard to sales of automobiles outside of said territory, or claims relating thereto; that he will pay all claims decided by the company to be due from him within ten days after receipt of notice of the company's decision. However, nothing herein contained shall be construed as a liability on the part of the company to any dealer for such profit."

The later provision of the contract protected other agents from infringements made by the defendant in error in their territory, but afforded no protection whatever to the defendant in error from infringements made in his territory by other agents of the company, so to protect the defendant in error

against infringements of this character the letter of date December 16, 1914, was attached to and considered as a part of the contract between the parties here, which is is as follows:

"Oklahoma City, Okla., December 16, 1914.
"W. M. Baughman, Davis, Oklahoma.— Dear Sir: Inclosed you will find copy of your Studebaker contract. You have not put up a deposit on this contract to cover your parts account nor do you have a new 1915 Studebaker demonstrator in stock and until you put up a deposit for parts and take a demonstrator it will be impossible for us to allow you a discount on Studebaker parts which you might order and we will be compelled to send all parts to you C. O. D. But as soon as you put up a deposit and take a demonstrator we will be glad to allow you our regular dealer's discount on parts that you might order; however the rest of your contract stands as it is now written and you will be entitled to a discount on any cars sold by you in your territory you will also be entitled to other cars sold in your territory provided you send us the prospects or we close the dealers for you, and we will not make a sale in your territory without first getting you to consent to the sale.      Yours very truly,
"HEK. FEM.          Kelly Motor Company."

It is apparent that these documents should be construed together as one; when so done, the right is given to the defendant in error to a discount on any cars sold by him in his territory, or sold by others in his territory, provided the names of the prospects are sent to the company or the deal therefor closed for him, nor was any sale to be made in his territory without first getting his consent. This court in Blain v. Brake, 49 Okla. 486, 153 Pac. 160, held:

"The two agreements in writing, supra, constitute one contract, being supplementary one to the other, and should be construed together. We say this for the reason that, although not executed at the same time, they refer to the same subject-matter, and on their face show that each was executed as a means of carrying out the intent of the other."

And likewise, this court in Canadian County v. Lynch, 28 Okla. 590, 115 Pac. 466, held that when two or more writings are executed at the same time and between the same parties and concern the same subject-matter, or, when the contracts are not executed at the same time, but refer to the same subject-matter, and on their face show that they were executed as a means of carrying out the intent of the other, they may be construed together.

A "memorandum on a written contract qualifying or restraining its operation, forms a part of it." Wheelock v. Freeman [13 Pick. (Mass.) 165] 23 Am. Dec. 674, and note.

"An indorsement upon an instrument before its execution may be treated as an explanation in writing of the intent of the parties; although to have this effect it must be shown affirmatively to have been upon the instrument when executed." Emerson v. Murray, 4 N. H. 171, 17 Am. Dec. 407.

However, in order to be treated as part of the contract, it need not be annexed to the contract. Under the evidence here, the trial court was justified in holding that these papers constituted one contract, and that by virtue thereof the defendant in error was entitled to recover under the evidence the commission claimed by him, for which recovery was sought here.

The evidence here would justify the conclusion that this contract between the parties did not become binding until the same was approved, signed, and delivered by the plaintiff in error to the defendant in error, and it is shown here that this was not done until about the 16th day of December, 1914.

It is further asserted by the plaintiff in error that this suit cannot be maintained for the reason that the defendant in error failed to submit his cause to arbitration, in accordance with the terms of the contract. This position is not tenable, for the reason that the contract itself does not so specify, and the plaintiff in error, by reason of his conduct in denying liability, etc., invited this suit, and thereby waived the provision of arbitration, if the same was embraced in the contract.

The judgment of the lower court is affirmed.

By the Court: It is so ordered.