**ESCH et al. v. CALLAWAY, Adm'r, et al.**

No. 17053—Opinion Filed Nov. 30, 1926.

Rehearing Denied Jan. 4, 1927.

1. **Executors and Administrators—Conclusiveness of Decree of Distribution.**

A county court being a court of general jurisdiction in probate matters, all presumptions are in favor of the validity of a decree of distribution, regularly entered, in an administration proceeding of which it has jurisdiction.

2. **Same—Collateral Attack on Decree.**

A collateral attack upon a decree of distribution, made by a county court having jurisdiction of the estate being administered, can prevail only where the proceedings are void upon the face of the record, in the absence of fraud.

3. **Same—Descent and Distribution—Two Distinct Statutory Proceedings for Determining Heirship.**

Sections 6440 and 6488, Rev. Laws 1910, provide two separate and distinct proceedings for determining heirship in probate proceedings; the latter section controlling only where one claiming to be an heir of the deceased, or entitled to distribution, files petition for that purpose.

4. **Specific Performance—Petition to Probate Court as Prerequisite to Suit Where Vendor Dies Before Conveying.**

Where one who is bound by contract in writing to convey real estate dies before making the conveyance, district courts are without original jurisdiction to decree specific performance until the petition for such conveyance has first been presented to and considered by the county court having jurisdiction of the estate.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Garfield County; Charles Swindall, Judge.

Action by A. B. Callaway, administrator of the estate of Hannah Oligschlaeger Callaway, deceased, against the unknown heirs, executors, administrators, devisees, trustees, or assigns of Peter Oligschlaeger, deceased, et al. Judgment for plaintiff, and defendants appeal. Affirmed in part and reversed in part.

W. J. Otjen and George W. Buckner, for plaintiffs in error.

Simons, McKnight and Simons, for defendants in error.

Opinion by RAY, C. Peter Oligschlaeger, a resident of Garfield county, died April 9, 1916, intestate and without issue. Hannah Oligschlaeger, the surviving wife, was appointed administratrix of his estate and, upon hearing upon her final account and petition for distribution, the entire estate, consisting principally of real property in Garfield county, was distributed to her as the sole and only heir. At a time not disclosed by the record Hannah Oligschlaeger married one Callaway. July 12, 1924, Heinrich Oligschlaeger and Mrs. Alwine Esch, brother and sister of Peter Oligschlaeger, deceased, claiming to be entitled to share in the distribution of the estate, filed in the county court their application to open and vacate the administration proceedings, alleging among other things, that at the time the decree of distribution was made they were residents of the German Empire and had no knowledge or notice of the death of Peter Oligschlaeger, or that administration proceedings were pending; that Hannah Oligschlaeger, administratrix, with intent to deceive and perpetrate a fraud upon the court, had stated

in her petition for letters of administration that as far as known she was the only heir; that "there may be other heirs in Germany but petitioner cannot give names and addresses thereof," whereas she well knew that deceased left surviving him brothers and sisters and well knew their names and addresses. Other grounds for vacating the decree of distribution were alleged. While that motion was pending, and before service was had, Hannah Oligschlaeger Callaway died. The administrator of her estate commenced this suit against Alwine Esch and Heinrich Oligschlaeger, brother and sister of the deceased Peter Oligschlaeger, and others, to quiet title to certain lots in the city of Enid, being a part of the estate of Peter Oligschlaeger, deceased. The defendants Heinrich Oligschlaeger and Alwine Esch dismissed their application filed in the county court to vacate the administration proceedings and by answer joined issues on plaintiff's amended petition. After Hannah Oligschlaeger had married Callaway she, joined by her husband, entered into a written contract with H. E. Leonhardt by which they agreed to convey to Leonhardt the real estate here involved for a consideration of $20,000, upon terms set out in the contract. H. E. Leonhardt, by leave of court, filed his petition of intervention by which he set up the contract entered into between him and Hannah Oligschlaeger Callaway and her husband and prayed specific performance of the contract. The defendants, Alwine Esch and others, by answer joined issue on the petition of intervention. Judgment was for the plaintiff, administrator of the estate of Hannah Oligschlaeger Callaway, quieting title, and in favor of H. E. Leonhardt on his plea of intervention, decreeing specific performance of the contract made by the deceased in her lifetime. Defendants, Alwine Esch and others, have appealed.

We think the first assignment of error, that "the judgment and decree quieting and vesting title to the real estate in Hannah Oligschlaeger Callaway, deceased, as of the date of her death at the suit of her administrator is void," is without merit. The court found that at the time of her death she was the owner in fee simple, free and clear of all encumbrances, of the property involved, and decreed that the title be quieted in her. We think by the language used it clearly was meant that the defendants had no interest in the property, and that her title be quieted in her heirs.

It is contended that the decree of distribution of the estate of Peter Oligschlaeger,

deceased, which purports to determine heirship and distribute the estate, is void for four reasons: (a) Because the notice published of the hearing of the final account, and for the distribution of the estate, as applied to defendants, was unreasonable, insufficient, and void because the notice was only published 20 days prior to the hearing, during which time the defendants, plaintiffs in error, were residents of the German Empire and could not by any means of travel have reached the court in time to be present at the hearing. (b) Because at the time the notice was published the statute then in force required publication of the notice for a period not less than 60 days nor more than four months. (c) Because these plaintiffs in error had no notice or knowledge of the hearing at any time from the inception to the close of the administration; that at the time the notice was published and the hearing had the United States and the German Empire were at war and rendered their attendance impossible, they being at the time residents and citizens of the German Empire. (d) Because of willful and corrupt fraud and deceit perpetrated on the court and plaintiffs in error by Hannah Oligschlaeger Callaway, deceased, in procuring the decree, in that she willfully, knowingly, and falsely stated under oath, in her final account and application for distribution, that she was the sole heir of Peter Oligschlaeger, deceased and by and through the false representation and statement did deceive and induce the court to decree that she was the sole and only heir.

A.C. The answer is that this is a collateral attack upon the decree of the county court and can prevail only if it be made to appear that the proceedings are void upon the face of the record in the absence of fraud. That question has been decided by this court so often that the citation of authorities in unnecessary. It is not made to appear by the record, or proceedings of the county court, that the residence of these plaintiffs in error was known, or that they were interested in the estate. On the face of the record it is made to appear that Hannah Oligschlaeger Callaway was the sole and only heir. For that reason we think the authorities cited have no application. If this were a proceeding in the county court to vacate, set aside, or modify the decree of that court perhaps a different question would be presented.

B. The contention here is that notice should have been given of the hearing on the petition for the distribution of the es-

tate according to. the requirements of section 6488, Rev. Laws 1910, which was at that time in force, instead of according to provisions of section 6440 (1333, C. O. S. 1921). It is not questioned that the requirements of section 6440 were complied with. Section 6488 reads:

"In all estates now being administered, * * * any person claiming to be an heir of deceased, or entitled to distribution in whole or in part of such estate, may. at any time after the expiration of one year from the issuing of letters testamentary or of administration, * * * file a petition * * * praying the court to ascertain and declare the rights of all persons to said estate, and all interest therein, and to whom distribution thereof should be made. That upon filing petition, the court shall make an order directing service of notice to all persons interested in said estate to appear and show cause, on a date to be determined, not less than sixty days nor over four months from the date of making such order, * * * requiring all * * * persons * * * claiming any interest in the estate * * * to appear and exhibit their respective claims of heirship" on the date specified in the order." ·

Section 6440 reads:

"Every account for the final settlement and distribution of an estate shall stand for hearing at a date to be fixed by the county judge, not less than twenty days after the filing thereof; and notice of such hearing shall be given by publication for two successive weeks in some newspaper of general circulation published in the county,* showing the name of the decedent and of the executor or administrator, the date of the hearing, and that such account is for final settlement and distribution. * * *"

It is apparent that these two sections, then in force, provided two separate and independing proceedings for determining the question of heirship. Section 6488 provided for proceeding upon petition by a person claiming to be an heir of the deceased. The proceeding provided. by section 6440 is upon the petition of the executor or administrator at the time and in connection with final settlement. The proceeding authorized by section 6488 is limited to persons claiming to be an heir of the deceased and no provision is made for such proceeding by an executor or an administrator. This view is sustained by the Supreme Court of Wyoming in the case of In re Black's Estate, 216 Pac. 1059.

D. The evidence offered by defendants, plaintiffs in error, which they contend shows that Hanna Oligschlaeger knew that Peter Oligschlaeger, deceased, left a brother surviving him, and, therefore made false rep-resentation to the court in alleging in her petition for distribution that she was the sole and only heir was, that Benedict H. Olig-schlaeger, brother of the deceased, Peter Oligschlaeger, was in Enid sometime before the death of Peter Oligschlaeger and that she met him in a law office in the city of Enid; that January 24, 1918, she made an affidavit that Peter Oligschlaeger, deceased, had a brother. Benedict H. Oligschlaeger, who was a resident and citizen of Germany, but that she knew of no other brother, sister, or mother or father. The evidence further shows that Benedict H. Oligschlaeger died November 27, 1916, more than a year before the petition for distribution of the estate was filed. There was no evidence tending to show that she had knowledge of the existence of any other relative.

The county court had jurisdiction of the estate in the administration proceedings. The surviving wife, being first entitled to administration, filed her petition to be appointed administratrix and was appointed. No notice was required.

It is not made to appear by the decree of distribution upon what ground Hannah Olig-schlaeger was decreed to be the sole and only heir. The facts, or evidence upon which the decree of distribution was rendered. are not recited in the decree, but all presumptions are in favor of the validity of judgments and decrees of general juris-diction.

The county court is a court of general jurisdiction in probate matters. Section 1398, C. O. S. 1921, provides that orders and decrees made by the county court, or the judge thereof, need not recite the existence of facts or the performance of acts upon which the jurisdiction of the court or judge may depend, but it shall only be necessary that they contain the matters ordered or adjudged, except where specifically provided otherwise. The decree distributing the entire estate to the surviving wife could have been rendered upon evidence showing that Peter Oligschlaeger left no father, mother, brother or sister, or any issue of any brother or sister, or upon a showing that the property was acquired by the joint industry of the husband and wife during coverture. If acquired by their joint industry during coverture the whole estate was properly distributed to Hannah Oligschlaeger as the surviving spouse. The defendants, in their answer to plaintiff's amended petition. specifically deny that the estate was acquired by their joint industry during coverture, but

no evidence was offered touching upon that question. Hannah Oligschlaeger, in her petition for letters of administration, after stating that she was an heir of the deceased, said, "There may be other brothers in Germany, but petitioner cannot give names and addresses thereof." That recital does not indicate an intention to fraudulently represent that she was the only heir of the deceased. Assuming that the evidence was competent in a collateral attack upon the judgment and decree, we think it is not sufficient to show that the decree of distribution was induced by fraud or misrepresentation. We think it must be presumed, in support of the decree of distribution, that there was evidence to show that the property was acquired by the joint efforts of the husband and wife during coverture, and that the finding and decree was made upon such evidence.

We think the third error assigned, "that the court erred in holding that the decree of the county court divested these plaintiffs in error of their interest in the property of Peter Oligschlaeger, deceased, because immediately upon his death title to his real estate vested in his heirs, who held as tenants in common," is without merit. The holding of the court, as we understand it, and as above pointed out, was that the decree of the county court distributing the whole estate to Hannah Oligschlaeger as the sole and only heir, was not void upon its face. We do not understand that it was the purpose or intent of the court to hold that the decree of distribution divested the defendants of an interest in the property. The holding was that they had no interest and the whole estate vested in Hannah Oligschlaeger at the death of Peter Oligschlaeger, as the sole and only heir.

We conclude that the decree of the county court was not void and the trial court correctly so held. We think, however, that the contention that the court was without jurisdiction to decree specific performance of the executory contract between Hannah Oligschlaeger Callaway, deceased, and H. E. Leonhardt must be sustained.

Section 1306, C. O. S. 1921, provides that when a person who is bound by contract in writing to convey any real estate, dies before making the conveyance, the county court may make a decree authorizing and decreeing his executor or administrator to convey such real estate to the person entitled thereto.

Section 1307, C. O. S. 1921, provides that upon the presentation of a verified petition by any person claiming to be entitled to such conveyance, from the executor or administrator, setting forth the facts, the county court must appoint a time and place for hearing the petition and give notice thereof by publication.

Section 1308, C. O. S. 1921, provides that at the time of hearing, upon satisfactory proof and due publication of notice, the court must proceed to hear it, and that all persons interested in the estate may appear and contest the petition.

Section 1309, C. O. S. 1921, provides that if after a full hearing and examination of the facts and circumstances of the claim the court is satisfied that the petitioner is entitled to a conveyance, a decree authorizing and directing the executor or administrator to execute the conveyance must be made.

By section 1310, C. O. S. 1921, it is provided that the executor or administrator must execute the conveyance according to the direction of the decree.

Section 1311, C. O. S. 1921, reads:

"If, upon hearing in the county court, as hereinbefore provided, the right of the petitioner to have a specific performance of the contract is found to be doubtful, the court must dismiss the petition without prejudice to the rights of the petitioner, **who may, at any time within six months thereafter, proceed in the district court to enforce a specific performance thereof.**" (Emphasis ours).

By the enactment of the foregoing sections, which are a part of the Probate Procedure Act, clearly it was the legislative intent to confer upon the county courts power and jurisdiction to decree specific performance of a contract to convey real estate where the person whose estate is being administered was bound by contract in writing to make such conveyance, and to withhold such jurisdiction from the district courts until the petition for such conveyance has been presented to and considered by the county court. The validity of the statute is not brought in question. In re Garnier's Estate (Cal.) 82 Pac. 68, a similar provision of the statute of California was held to be within the power of the Legislature to enact. In Free v. Little (Utah) 88 Pac. 408, where a similar statute was under consideration, it was held:

"Rev. St. 1898, pars. 3935-3940, in relation to the administration of estates of decedents, makes provision for a decree of specific performance against an executor or administrator on a contract for the sale of land by the decedent, and section 3938 provides that, if the right of petitioner is

found to be doubtful, the court must dismiss the petition without prejudice, and that petitioner may, within six months thereafter, sue to enforce specific performance. Held, that, where the purchaser in a contract for the sale of lands knew of the death of the vendor, and of the administration of his estate, but failed to present any petition under the statute before the closing of the administration, he could not thereafter sue for specific performance, and this though, when the estate was closed, the purchaser's option had not expired."

For the reasons stated, we hold that the district court of Garfield county was without jurisdiction of the subject-matter to decree specific performance of the contract made by Hannah Oligschlaeger, deceased, in her lifetime.

The defendants in error say, in substance, that if the decree of distribution be sustained, then the plaintiffs in error have no further interest in the litigation, and, therefore, if the court erred in decreeing specific performance of the contract it was harmless error of which plaintiffs in error cannot complain. We cannot agree with that contention. It is made to appear by the pleadings that she died without issue and that her estate is in the course of administration. This suit was brought by the administrator of her estate. The property involved is part of the estate of Peter Oligschlaeger, deceased, distributed to the surviving spouse as the sole and only heir. That decree of distribution is sustained upon the presumption that the property was acquired by the joint industry of the husband and wife during coverture. In such case the brothers, sisters and other heirs of Peter Oligschlaeger, according to the right of representation, are entitled, to that extent, to share in the distribution of the estate of Hannah Oligschlaeger, deceased. They are, therefore, interested in the disposition of the property.

The second subdivision of section 11301, O. O. S. 1921, which was in force at the time of the death of Peter Oligschlaeger, reads:

"* * * Provided, that in all cases where the property is acquired by the joint industry of husband and wife during coverture, and there is no issue, the whole estate shall go to the survivor, at whose death, if any of the said property remain, one-half of such property shall go to the heirs of the husband and one-half to the heirs of the wife, according to the right of representation."

The judgment in favor of the plaintiff is affirmed without prejudice to the rights of the heirs of Peter Oligschlaeger, deceased, to participate in the distribution of any community property remaining of the estate of Hannah Oligschlaeger, deceased, otherwise reversed, with directions to set aside and vacate the decree of specific performance in favor of the intervener, H. E. Leonhardt, and dismiss his petition of intervention.

By the Court: It is so ordered.

Note.—See under (1) 15 C. J. p. 1004, §418; p. 1009, §419; p. 1010, §422; 24 C. J. p. 531, §1402; 11 R. C. L. p. 184; 2 R. C. L. Supp. p. 1219. (2) 24 C. J. p. 532, §1404; 11 R. C. L. p. 184. (3) 18 C. J. p. 869, §121. (4) 36 Cyc. pp. 795, 796.