## GREAT SOUTHWESTERN LIFE INS. CO. v. GIBSON.

No. 26570.    March 16, 1937.

A. R. Thompson and Robt. Burns, for plaintiff in error.

Leonard H. Savage, J. I. Gibson, A. P. Murrah, and Luther Bohanon, for defendant in error.

PER CURIAM. Action upon a policy of life insurance issued November 15, 1933, for $1,000 upon the life of Clyde W. Gibson. The premium upon said policy was paid by insured's note for $39.71, due in install-

ments as follows: $1.71 on January 1, 1934, and $10 on the first days of February, March, and April, 1934. The note provides: "If default is made in the payment of any installment when due, then all the remaining installments shall become due, and payable, at the option of the holder hereof without notice or demand, said notice and demand being hereby expressly waived." The policy contained the usual forfeiture clause for nonpayment of premium, and is set forth in the syllabus.

No part of said note was ever paid, and the insured died April 3, 1934. Prior to the date of death, notices of the due date of the first three installments were mailed by the insurer to the insured, both before and after the date the same were due. March 3, 1934, none of said installments having been paid, the insurer notified the insured of the cancellation of said policy because of the failure to pay any installment of premium upon said policy.

The defendant pleaded the forfeiture of said policy by reason of the nonpayment of the premium or any part thereof, and the plaintiff, by his reply, admits that the premium note had not been paid and pleaded a waiver by the insurer of the right to forfeit said policy because of the efforts of the insurer to collect the past due installments of said note, and that said note was never returned to the insured or tendered to him during his lifetime, and that said insurer at all times considered the policy in force and effect until the death of the insured.

The case was tried to the court, and at the conclusion of plaintiff's evidence the insurance company demurred thereto for the reason that the same was insufficient to sustain a judgment against the defendant, and this demurrer was overruled by the court, exceptions saved, and upon final hearing judgment was rendered for the plaintiff.

Plaintiff's petition alleged a prima facie case upon the policy; the defendant pleaded forfeiture; and plaintiff's reply pleaded a waiver of the forfeiture. Under this state of the pleadings, the burden of proof of forfeiture was, therefore, upon the defendant. This it carried by the undisputed evidence. The burden, then, of proving waiver or estoppel was upon the plaintiff, and the evidence of plaintiff did not sustain the allegations of the reply.

We have carefully read the record in this cause, and the evidence fails to disclose any act of the insurer which was, or might be claimed to be, the basis of a waiver of the forfeiture clause of the policy, other than the sending of the notices above referred to, and possibly a personal effort to collect the same by a person alleged to be the agent of the insurance company. Upon this latter claim the evidence negatives plaintiff's contention.

The demand by the insurer for the payment of the past due installments of a premium note does not, alone, constitute a waiver of the forfeiture of said policy because of nonpayment of any premium thereon. Under the facts as disclosed by the evidence in this case, the insurer was not estopped to cancel said policy, nor to plead a forfeiture thereof. Neither does the evidence disclose any act or conduct upon the part of the insurer after the cancellation of the policy, which, in any way, recognized this policy as being in force, or which would estop it from pleading such forfeiture. Under the facts shown, the failure to return the premium note to the insured in his lifetime cannot be material or controlling, especially in view of the previous cancellation of the policy. Retention of such a note is only circumstantial evidence of an intent, which in this instance is overcome by the positive act of the insured when it canceled the policy, and by the other facts appearing in evidence.

Upon the authority of Great Southern Life Insurance Co. v. Brooks, 166 Okla. 123, 26 P. (2d) 430, and General American Life Insurance Co. v. Brown, 176 Okla. 500, 56 P. (2d) 809, the cause is reversed and remanded, with directions to enter judgment for the defendant below, at the cost of the defendant in error.

The Supreme Court acknowledges the aid of Attorneys T. A. Higgins, J. W. Reece, and John F. Vaughn in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Higgins and approved by Mr. Reece and Mr. Vaughn, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH, CORN, and GIBSON, JJ., concur.