## DAVIS v. HASTINGS.

No. 35751.

Supreme Court of Oklahoma.

Sept. 15, 1953.

**194**

George W. Gay and O. P. Estes, Oklahoma City, for plaintiff in error.

Butler, Rinehart & Morrison, and Wayne W. Bayless, Oklahoma City, for defendant in error.

WILLIAMS, Justice.

Parties are referred to herein as in the trial court.

On June 27, 1951, plaintiff, George Hastings, and defendant, John Davis, entered into a written contract by the terms of which Hastings agreed to buy, and Davis agreed to sell, a certain place of business known as "City Pickup and Delivery". There were other provisions, one of which was an acknowledgment of payment of $600 by Hastings, to apply on the purchase price. On June 30, 1951, another written contract was entered into between the parties covering the same subject matter and concerning the same transaction. It contained additional provisions in the nature of warranties, etc., but omitted reference to the $600 payment noted above and also omitted an agreement by the seller to "stay 2 weeks with the buyer to acquaint him with the business", which agreement was a part of the contract of June 27. Both contracts provided for the same total consideration to be paid by the buyer ($9000 down and $3000 within one year).

On July 10, 1951, Hastings filed his petition alleging fraud in the procurement of the contract by Davis, and failure of consideration in that Davis had refused to "stay with him 2 weeks to acquaint him with the business"; he asked for cancellation of the contracts and return of what he had paid thereunder, and tendered to defendant all that he himself had received under it. After hearing, the trial court found that no fraud had been practiced by defendant, but that defendant had breached his agreement to stay 2 weeks with the buyer to acquaint him with the business, and that this was a material part of the consideration. Judgment was entered for plaintiff for cancellation of the contracts and the notes and mortgages executed pursuant thereto, and for $9000. Defendant has duly appealed.

He argues the assignments of error under four propositions, the first of which is that the court erred in admitting evidence of the contract of June 27, 1951, because it was merged in and superseded by the contract of June 30, 1951.

In support of this contention, defendant cites 15 O.S. 1951 § 137, which provides in substance that the execution of a written contract supersedes all oral negotiations or stipulations concerning the subject matter; he also cites two cases from this jurisdiction which state rules of law in accord with the above statute. The above authorities are plainly inapplicable here, because they concern prior oral agreements, negotiations, etc., while here the prior contract was complete in itself and in writing.

■ Defendant also cites G. L. Webster Co. v. Trinidad Bean & Elevator Co., 4 Cir., 92 F.2d 177, and argues that by the terms of the court's holding there, the same rules apply to prior agreements and negotiations, regardless of whether they are written or oral. In that case the court, with regard to a contract for the sale of beans, held that evidence of a prior written warranty of the quality of the beans was inadmissible for the reason that the actual contract of sale specifically stated that no such warranty was made. In the instant case, there is no such conflict or repugnancy between the two writings, and the Webster case is therefore inapplicable. Defendant's contentions under his first proposition are therefore without merit.

■■ The second and third propositions are based upon an assumption that the first proposition is valid; since, as shown above, the opposite is true, it will not be necessary to discuss them in detail here. However,

we take note of defendant's argument that the June 30th contract was an "integration" as defined in Restatement of Contracts, sec. 228, which provides:

"An agreement is integrated where the parties thereto adopt a writing or writings *as the final and complete expression of the agreement.* An integration is the writing *or writings* so adopted." (Emphasis supplied.)

Because of the emphasized portions above we do not believe the contract of June 30th, standing alone, was an "integration". It is to be noted that the June 27 contract contained at least two essential provisions which, though not in conflict with the June 30th contract, were not contained in it. These were the provision concerning payment of the $600, and the provision that the seller would stay with the buyer for two weeks to acquaint him with the business. We therefore do not believe the June 30th contract was the "final and complete expression of the agreement". If there was an integration in the transaction here involved, it consisted of both contracts, not just the last one, and the following rule is applicable:

"Where several written instruments, though not executed at the same time, refer to the same subject-matter and on their face show that some were executed to carry out the intent of the others, all should be construed as one contract." Hud Oil & Refining Co. v. Smith, 179 Okl. 412, 65 P.2d 1011.

Under his fourth proposition, defendant argues that since only a partial failure of consideration was shown, plaintiff was not entitled to a rescission or cancellation of the contract, and in support thereof the following rule is cited:

"Generally the failure of performance in order to constitute a ground for rescission must be total, such as to defeat the object of the contract or rendering it unattainable." Sonken-Gal-ambra Corp. v. Abels, 185 Okl. 645, 95 P.2d 601, 602.

We believe the trial court's findings in the instant case meet the requirements of the above rule. There was evidence that the business being purchased was a highly competitive one; that it was necessary to maintain close contact with the customers; that the plaintiff was totally inexperienced in that kind of business; and that he made the requirement about defendant's staying with him for 2 weeks to acquaint him with the business the first time he talked to the agent about buying the property. Under such circumstances, we believe defendant's failure to perform was "such as to defeat the contract" or render it unattainable, and that the following rule is applicable:

"The true rule appears to be that rescission or cancellation may properly be ordered where that which was undertaken to be performed in the future was so essential a part of the bargain that the failure of it must be considered as destroying or vitiating the entire consideration of the contract, or so indispensable a part of what the parties intended that the contract would not have been made with that condition omitted." Hurst v. Champion, 116 Okl. 228, 244 P. 419, 421.

By the terms of the sale contract herein, plaintiff undertook to buy a highly competitive, going business of a type entirely foreign to any of his previous business experience, with a view toward operating it himself. From the evidence, it appears that he would not have done so without defendant's promise to help him get started, and we hold that defendant's promise was "so essential a part of the bargain that the failure of it must be considered as destroying or vitiating the entire consideration of the contract".

The judgment of the trial court is affirmed.