## 34918. WALKER et al. v. BOGLE et al.

HALL, Justice.

Jeanette C. D. Bogle died testate in 1978, survived by two sons who have no children. Her will provided that her residuary estate be placed in trust and divided into Fund A and Fund B — one fund for each son. The provisions for each fund are identical. The son is to receive the income for life. At his death, the fund is to be divided into shares per stirpes for the son's then living lineal descendants. The descendants are entitled immediately to receive the income from their respective shares and to receive the principal when they reach age 30. The trustee has discretionary power to invade the principal for the beneficiary's support. If a trust beneficiary dies after the trust fund is divided into shares but before reaching age 30, his share is to be distributed to his lineal descendants, if any, and if none, the share is to be added to the shares of the other beneficiaries. If a son dies leaving no lineal descendants, the assets of his trust fund are to be added to the other son's fund and administered under its provisions. If no trust beneficiaries exist for both Funds A and B, the trust property is to be divided equally between the Nature Conservancy and Mount Holyoke College.

Testatrix' sons (appellees) brought a declaratory judgment action seeking to have the disposition of the residuary estate declared violative of the rule against perpetuities and the property freed of the trust. The trial court found that the remainder to the son's lineal descendants is, as yet, a contingent remainder which will vest upon the birth of a descendant but is subject to divestment if the descendant fails to reach age 30. If the remainder is divested, the trial court found that the gifts over to the beneficiary's descendants or to other trust beneficiaries are executory interests which violate the rule against perpetuities. The trial court also held that the gift over to charity is an executory interest which violates the rule against perpetuities. Because of these violations of the rule, the trial court viewed testatrix' dispositive plan as destroyed and declared the entire trust void through the doctrine of "infectious invalidity." *Thomas v. C. & S. Nat. Bank,* 224 Ga. 572 (163 SE2d 823)

(1968). Under this decision, the entire residuary estate passes through intestacy to the testatrix' sons in fee simple. We reverse.

1. Each of the interests created by testatrix after giving a life estate to her sons presents a problem under the rule against perpetuities. The rule against perpetuities is a rule against remoteness of vesting of interests. *Burt v. Commercial Bank &c. Co.*, 244 Ga. 253 (1979). An interest is invalid unless it must vest, if at all, not later than twenty-one years plus actual periods of gestation after a life in being at the creation of the interest. Code Ann. § 85-707 (a); *Reeves v. Comfort,* 172 Ga. 331 (2) (157 SE 629) (1931). In this case, testatrix' sons were the lives in being at the time of her death when the testamentary trust was created. All future estates must, therefore, vest within their lifetimes plus twenty-one years in order to be valid.

Upon the death of the son, the trust corpus is to be divided into shares "per stirpes to my said son's then living lineal descendants." The trial court concluded that the remainder to the lineal descendants is now contingent but will vest when the son has a child. This construction gives no effect to the requirement that the trust corpus be divided into shares at the son's death for his *"then living"* lineal descendants. The words "then living" create a remainder which is contingent upon the survivorship of the lineal descendants until the death of the life tenant. *Trust Co. Bank v. Heyward,* 240 Ga. 557 (1) (242 SE2d 257) (1978); *Erskine v. Klein,* 218 Ga. 112 (1) (126 SE2d 755) (1962); *Baker v. C. & S. Nat. Bank,* 175 Ga. 161 (165 SE 21) (1932); *Lane v. Patterson,* 138 Ga. 710 (76 SE 47) (1912). This remainder is contingent as to the person because the identity of the beneficiaries is uncertain until the death of the son. Code Ann. § 85-703; *Britt v. Fincher,* 202 Ga. 661 (3) (44 SE2d 372) (1947); V. Chaffin, Studies in the Georgia Law of Decedents' Estates and Future Interests, 361 (1978); see Code Ann. § 85-704 for the consequences of this decision.

The trial court's conclusion that the remainder to lineal descendants will vest upon birth of a lineal descendant is reversed. The remainder is contingent until the death of the holder of the life interest and will vest in

living lineal descendants upon his death.

2. Although the remainder interest of lineal descendants is contingent upon their survival of testatrix' son, we conclude that the interest will vest, if at all, upon the death of the son, which is within the permissible period under the rule against perpetuities. This conclusion results from construing the survival to age 30 requirement as a condition subsequent which divests a vested remainder rather than as a condition precedent which creates a contingent remainder.

In this case, the will first gives a share of the trust corpus outright to each lineal descendant who survives the testatrix' son. Words of immediate gift after which an age restriction is attached have long been construed as vesting the remainder but postponing enjoyment to a later date. *Bowman v. Long,* 23 Ga. 242 (1857); *Hall v. David,* 67 Ga. 72 (1881). Moreover, the lineal descendants have an immediate right to receive the income from their shares and to invade the principal if necessary for their support. The right to receive income from property with final distribution postponed indicates a vested interest in the property. *Gillespie v. Ellis,* 168 Ga. 790 (149 SE 221) (1921).

The function of courts in construing a will is to discover and give effect to the intention of the testator, so far as that intention is consistent with the laws of this state. Code Ann. § 113-806; *Shoup v. Williams,* 148 Ga. 747 (98 SE 348) (1919). The language of immediate gift with only postponed possession as well as the provision for payment of income and invasion of principal persuade us that the testatrix intended that this remainder vest upon the life tenant's death in his lineal descendants subject to divestment.

The divesting condition is death before age 30. If this condition is fulfilled, the beneficiary's share is given to his descendants and, if none, to the other trust beneficiaries. These are shifting executory interests. It is immediately obvious that the divesting condition could occur beyond the period allowed by the rule.[1] Where a divesting

---

[1]For example, if the remainder vested in X, a lineal descendant who was one year old at the life tenant's death,

condition is too remote, it is void under the rule against perpetuities, but the remainder interest is given effect. The lineal descendants' vested remainder subject to divestment becomes indefeasibly vested upon the death of the life tenant. *Lanier v. Lanier,* 218 Ga. 137 (4) (126 SE2d 776) (1962); Restatement of Property § 384 (2) (1944); 6 American Law of Property, § 24.19 Case 21, § 24.47 Case 72 (A. Casner Ed. 1952).

Although the trial court concluded that the remainder in lineal descendants was a vested remainder[2] subject to divestment for failure to reach age 30, it erred in concluding that the remote divesting condition invalidated the vested remainder. Instead, we hold that the remainder to lineal descendants must vest indefeasibly, if at all, upon the son's death, and only the divesting condition itself is invalid. Because the contingent remainder will vest indefeasibly, if at all, at the end of the measuring life, the rule against perpetuities is not violated.

3. Testatrix' final provision was that if at any time before final distribution no trust beneficiaries exist, the trust property should be divided equally between Mount Holyoke College and the Nature Conservancy. This interest is a remainder contingent as to the event — the failure of all trust beneficiaries before final distribution.[3]

-------

and X died at age 25, leaving children A and B, the executory interest would take effect four years beyond the measuring life plus 21 years allowed by the rule. (Executory interests — those which cut short a preceding interest rather than following the termination of preceding interests as remainders do — lack the attribute of "vesting in interest" before they become possessory. 6 American Law of Property, § 24.20.)

[2]Although the trial court erred in ruling that the remainder to lineal descendants would vest upon birth to either son of a child (Division 1), under either our construction or that of the trial court, lineal descendants after death of the holder of the life interest have a vested remainder subject to divestment.

[3]We have also considered the possibility that the

The time of final distribution of the trust property is at the deaths of testatrix' sons, the holders of life interests. Then the trust is divided into shares for the sons' living lineal descendants, and the shares will indefeasibly vest in each descendant. If no lineal descendants of either son exist, the event upon which the charitable remainder is contingent will have occurred, and the charitable remainder will not only vest in interest but become a present possessory estate. This event will occur, if at all, at the end of the measuring lives and within the period allowed by the rule. Code Ann. § 85-707; *Pace v. Dukes,* 205 Ga. 835 (2) (55 SE2d 367) (1949); *Parker v. Churchill,* 104 Ga. 122 (30 SE 642) (1898).

4. Testatrix' general dispositive scheme was (1) life estate to her sons, (2) remainder to their lineal descendants alive at their deaths, (3) subject to divestment for any beneficiary who fails to reach age 30, (4) the share of any beneficiary who dies before age 30 is given to his lineal descendants, if any, and if none, to other trust beneficiaries, (5) if a son dies without leaving lineal descendants, his share of the trust fund is to be added to the trust fund for the other son and administered under its provisions, (6) if no trust beneficiaries (lineal descendants) exist, the trust is to be divided between two charities. Of this dispositive scheme, we have invalidated only parts 3 and 4 — the remote divesting condition and the executory interests which follow it. Because the departure from testatrix' dispositive scheme is slight, we refuse to invalidate the remaining and most significant provisions of the testamentary trust under the doctrine of "infectious invalidity." *Thomas v. C. & S. Nat. Bank,* 224 Ga. 572, supra.

*Judgment reversed. All the Justices concur.*

SUBMITTED MAY 18, 1979 — DECIDED OCTOBER 2, 1979 — REHEARING DENIED OCTOBER 16, 1979.

---

charitable interest is not a contingent remainder but a shifting executory interest. The result is the same under either interpretation.

*Michael Mears, R. Michael Souther,* for appellants.
*Gray, Hinson & Weyant, John E. Hill,* for appellees.