In the Matter of the Estate of Otto CROWL, Deceased.

Donald R. GIBBONS and Betty Gibbons, Appellees/Petitioners,

v.

Leo L. CROWL and Sarah K. Crowl and Vernon Brummett, as Executor of the Estate of Otto Crowl, Deceased, Appellants/Respondents.

No. 64073.

Supreme Court of Oklahoma.

Feb. 3, 1987.

On Rehearing March 31, 1987.

Rehearing Denied June 9, 1987.

---

James C. Pinkerton, Pinkerton and Pinkerton, Tulsa, for appellees/petitioners.

Maynard I. Ungerman, Hawley C. Kerr, Ungerman, Conner & Little, George Downey, Tulsa, for appellants/respondents.

ALMA WILSON, Justice:

After a hearing in the trial court, the executor of the Estate of Otto Crowl [Appellant] was ordered to specifically perform an option contract which the deceased had entered into with Mr. and Mrs. Gibbons [Appellees]. On appeal, however, the Court of Appeals held there was no consideration for the performance of the option and ordered the case dismissed. Appellees petitioned this Court by Writ of Certiorari to review the opinion of the Court of Appeals. Appellees asserted that the questioned option was always intended by the parties as part and parcel of a primary contract between Appellees and Crowl. Therefore, Appellees maintained, *no new or additional* consideration apart from $51,250 paid to Crowl as consideration for the primary contract, was due for performance thereof. We granted Appellees' petition for certiorari. We now vacate the opinion of the Court of Appeals and affirm the findings and decree of the trial court.

Briefly, according to the uncontroverted testimony, Crowl owned 56 acres of land at the time Crowl and Appellees entered into contract negotiations. Appellees offered to purchase the entire 56 acre tract of land from Crowl. Crowl refused to sell all 56 acres; but offered to sell to Appellees 41 acres, together with an option to purchase the remaining 15 acres in the future at a price certain. The consideration to be paid to Crowl for the 41 acres, as well as the option, amounted to $51,250. The value of the tract of land alone was $850 per acre or $47,600. By contract dated September 19, 1972, for a consideration of $51,250, Crowl promised to sell 41 acres to the Appellees and to grant Appellees an option to purchase the remaining 15 acres. In reference to the option granted in the contract of September 19, 1972, and by way of clarification thereof, the parties on October 20, 1972 and October 31, 1972 executed successive instruments which embodied their mutual expression of the rights between them concerning the option. The clarification of the rights of the parties previously established in the original contract were thus stated:

In the event [Otto Crowl] makes a decision to sell or transfer said property either with or without consideration during his natural lifetime, then Otto shall give the Gibbonses the right of purchase at $1,250 per acre with the Gibbonses having 45 days to accept. *Second, if Otto dies prior to the sale, then the Gibbonses shall have the option and exclusive right to purchase from Otto's estate at $1,250.* (emphasis added)

The trial court found as a matter of fact that all the documents executed by the parties were made pursuant to a single transaction, and that the instrument dated October 31, 1972, reflected the true intent of the parties. The written documents presented to the trial court constituted one contract, being supplementary one to the other, and the trial court did not err in so construing them.[1] The trial court said:

"I am looking at that as one transaction."

We hold that the Court of Appeals erred in disturbing the decision of the

1. *Strickland v. American Bakery and Confectionery Workers Union and Industry National Welfare Fund,* 527 P.2d 10 (Okl.1974); *Davis v. Hastings,* 261 P.2d 193 (Okl.1953); *Hud. Oil & Refining Co. v. Smith,* 179 Okl. 412, 65 P.2d 1011 (1937); *Phillips Petroleum Co. v. Widlick,* 175 Okl. 376, 52 P.2d 773 (1936); *Gladys Belle Oil Co. v. Clark,* 147 Okl. 211, 296 P. 461 (1931); *Kelly v. Baughman,* 66 Okl. 200, 167 P. 80 (1917).

trial court as to matters of fact based upon competent evidence. There is competent evidence within the record to support the trial court's finding that Appellees paid $51,250 for 41 acres of land and the option to purchase 15 additional acres, exercisable upon Crowl's death.[2] A trial court's determination of matters of fact in equity suits will not be disturbed when it is not clearly contrary to the weight of evidence, including the reasonable inferences gleaned therefrom.[3] It is the role of the appellate court to define the law but it is the role of the trial court, whether judge or jury, to hear the evidence and find the facts. Here, the terms and conditions of the agreement between Crowl and Appellees were decided by the trial court who observed the witnesses and their demeanor and heard them testify. We therefore vacate the opinion of the Court of Appeals and affirm the findings and decree of specific performance of the trial court.

DOOLIN, C.J., and HODGES, OPALA, SUMMERS, JJ., concur.

2. This Court has stated that *"clearly it was the legislative intent to · confer upon the county courts power and jurisdiction to decree specific performance of a contract to convey real estate, where the person whose estate is being administered was bound by a contract in writing to make such conveyance, and to withhold such jurisdiction from the district courts until the petition for such conveyance has been presented to and considered by the county court." Esch v. Callaway,* 251 P. 1028 (Okl.1926)

3. *Woodruff v. Woodruff,* 240 P.2d 74 (Okl.1951); *King v. Cade,* 240 P.2d 88 (Okl.1951); *Paris Bank of Texas v. Custer et al.,* 681 P.2d 71 (Okl.1984).

1. The most universally accepted short definition of the common-law rule against perpetuities is that found in Gray, *The Rule Against Perpetuities* (4th ed.) 191. It is:
   "No interest is good *unless it must vest,* if at all, not later than twenty-one years after some life in being at the creation of the interest." [Emphasis supplied.]

2. Crowl's option cannot be viewed as utterly open-ended. If no time is specified for the performance of an act, *a reasonable time is allowed by law.* 15 O.S.1981 § 173.

3. The common-law rule is satisfied *only* if it is *initially* (when the time limit of the rule begins to run) *certain* that the interest created will either vest or fail within the period allowed by

SIMMS, J., concurs in result.

HARGRAVE, V.C.J., and LAVENDER and KAUGER, JJ., dissent.

## SUPPLEMENTAL OPINION ON REHEARING

OPALA, Justice.

Appellants continue to press for invalidation of Crowl's option as violative of the rule against perpetuities.[1] They apparently view that option as "open-ended"[2] and seem to suggest a possibility that the interest it created will neither vest nor fail within the rule's limit.[3] Their argument overlooks Oklahoma's statutory commitment to constructional preference for validity and appears utterly to ignore the provisions of 60 O.S.1981 §§ 75 and 77,[4] both enacted in 1971. The cited sections plainly *require* that the contested interest be accorded a construction that gives it legal efficacy[5] and, if the stated terms of the

the rule. *Melcher v. Camp, infra* note 9 at 114, 115.

4. The terms of 60 O.S.1981 § 75 provide:
   *"Any interest in real or personal property that would violate the rule against perpetuities shall be reformed, or construed within the limits of the rule,* to give effect to the general intent of the creator of that interest whenever that general intent can be ascertained. This provision shall be liberally construed and applied to validate such interest to the fullest extent consistent with such ascertained intent." [Emphasis supplied.]
   The terms of 60 O.S.1981 § 77 provide in pertinent part:
   "If an instrument violates the rule against perpetuities, but can be reformed *or construed in accordance with the provisions of this act, it shall not be declared totally invalid. * * * "* [Emphasis supplied.]

5. Where an instrument is ambiguous—that is where it is fairly susceptible to two or more constructions, one of which causes a violation of the rule and the other of which does not—the construction that does not result in a violation of the rule should be adopted. Restatement of Property § 375 [1944]. Cases supporting this view include *Southern Bank & Trust Co. v. Brown,* 271 S.C. 260, 246 S.E.2d 598 [1978]; *Davis v. Rossi,* 326 Mo. 911, 34 S.W.2d 8 [1930]; *Watson v. Goldthwaite,* 345 Mass. 29, 184 N.E.2d

option do indeed offend the rule, they must be *reformed* "... to give effect to the general intent of ... [their] creator ...".[6]

 Because the option in suit was unmistakably intended to be exercisable *immediately* upon the death of Crowl—a life in being when the contractual right in the land stood created—the buyers' acquired interest, first accrued as a claim at the end of Crowl's life,[7] must be construed as one that is certain either to *vest or fail* within the period during which a suit may be brought to enforce the promise by specific performance.[8] In short, Crowl's option clearly does not offend the rule against perpetuities. The interest conferred by its terms was both *exercisable and extinguishable within the limits* of the Oklahoma rule,[9] i.e., "during the continuance of the lives of persons in being at the creation of the limitation or condition *plus twenty-one (21) years.*"[10] [Emphasis supplied.]

HODGES, SIMMS, WILSON, KAUGER and SUMMERS, JJ., concur.

HARGRAVE, V.C.J., and LAVENDER, J., dissent.

---

340, 343 [1962]; *Walker v. Bogle,* 244 Ga. 439, 260 S.E.2d 338 [1979] and *Drach v. Ely,* 237 Kan. 654, 703 P.2d 746 [1985].

6. 60 O.S.1981 § 75. Statutes enacted in three other states confer on the courts the power to reform instruments vulnerable for noncompliance with the rule against perpetuities. See, Cal.Civ.Code § 715.5 [West 1982]; Mo.Rev.Stat. § 442.555 [1978] and Tex.Property Code § 5.043 [Vernon 1984]. See also, Idaho Code § 55–111 [1948].

7. The statute of limitations begins to run when the cause of action accrues, and a cause of action accrues when a claimant first could have maintained his action to successful conclusion.

*Sherwood Forest No. 2 Corp. v. City of Norman,* Okl., 632 P.2d 368, 370 [1980].

8. See *Cline v. Hullum,* Okl., 435 P.2d 152 [1967].

9. The limits of Oklahoma's rule against perpetuities are found in Art. 2 § 32, Okl. Const.; 60 O.S.1981 § 31; *Melcher v. Camp.,* 435 P.2d 107, 111 [1967] and *Producers Oil Co. v. Gore,* Okl., 610 P.2d 772, 773–774 [1980].

See also *Denney v. Teel,* Okl., 688 P.2d 803 [1984].

10. 60 O.S.1981 § 31. The provisions of § 31 govern interests and estates in real property. *Melcher v. Camp, supra,* note 9 at 108, 110–111.