216 Cal.App.2d 430 (1963)
Estate of MAUDE W. WHETMATH, Deceased. P. W. McGREGOR, as Administratrix With the Will Annexed, etc., Petitioner and Appellant,
v.
MARY POTTER ROSBORO et al., Claimants and Respondents.
Civ. No. 26265. 
California Court of Appeals. Second Dist., Div. Three. 
May 21, 1963.
 Charles D. Shaw for Petitioner and Appellant.
 Joslyn & Joslyn, R. B. Joslyn and James L. Grubbs for Claimants and Respondents.
 SHINN, P. J.
 Maude Weatherby Whetmath executed a holographic will July 16, 1959; she passed away October 26, 1959. The will was admitted to probate. [1a] Paragraph 3 of the will reads: "Thirdly, I hereby will, give and bequeath to my uncle, Harry W. Ward, of 2122 First Street, Wyandotte, Michigan, all of my personal property, if he is living at the time of my death, but if he should not be living at the time of my death, then this and bequest above mentioned shall remain a part of my estate and be given as directed in Paragraph Fourth." Paragraph 4 reads in part: "Fourth, I hereby will, give, devise and bequeath all the rest of my estate to be divided equally among the following persons. ..." Here followed the names and addresses of 11 persons, cousins of testatrix, and then "If any one of the above mentioned legatees should not be living at the time of my death, then their gift and bequest above mentioned shall remain a part of my estate and be divided equally among remaining living legatees." Paragraph 5 reads: "Fifth, I hereby constitute and appoint Mr. James M. Hicks and Mrs. Mable Hicks of 519 Montana Avenue, Santa Monica, California as executor and executrix of this my Last Will and Testament."
 In a hearing to determine heirship the court made findings from which it concluded that the testatrix meant by the language "all my personal property" her personal effects and furniture and furnishings and did not mean stocks, bonds, cash in bank or elsewhere, promissory notes or other personal property not included among her personal effects or furniture or furnishings. An order was entered awarding to Harry W. Ward the personal effects, furniture and furnishings and the remainder of the estate to the other legatees. P. W. McGregor, *432 administratrix of the estate of Ward, deceased, appeals.
 The question on appeal is whether the court correctly interpreted the will as the testatrix understood it and intended it to be. [2] As appellant properly states: "The obvious intention of the testator must prevail over the technical import of words."
 [1b] At time of death testatrix owned stocks and other securities of the appraised value of $38,690.64 and household furniture and supplies of the appraised value of $500. She owned no real estate.
 It is contended by appellant that under a correct interpretation of the will Ward would receive all the estate, provided he survived testatrix, as in fact he did, and that the other legatees would receive the estate only in the event Ward predeceased testatrix. Respondents contend that under the plain provision of the will Ward was to receive only what the testatrix understood to be her "personal property," namely, her personal effects, furniture and furnishings.
 We think the court's interpretation of the will is not open to question.
 [3] It often occurs when one drafts and executes a holographic will without legal advice, as the testatrix did here, the words "personal property" are used when he or she had in mind only personal effects. When it is clear that such was the intention of the testator the words are given the meaning the testator intended them to have. (Estate of Cowden, 10 Cal.App.2d 481 [51 P.2d 1165]; Estate of Nielsen, 204 Cal.App.2d 357 [22 Cal.Rptr. 260].)
 We think this is a clear case for that interpretation.
 All parts of the will were to be construed in relation to each other and so as, if possible, to form one consistent whole. (Prob. Code, 103.)
 [1c] Under appellant's contention the will should be interpreted as if it left all of the estate to Ward, although such an interpretation would render meaningless the provision that if Ward should predecease testatrix the bequest to him should remain "part of my estate" and go to the others under paragraph 4 and the provision that "all the rest of my estate" should be divided among the cousins named in paragraph 4. Of course, if everything went to Ward there would have been nothing left for the cousins. In order to reconcile the provisions of paragraph 3 with those of paragraph 4, and *433 to give effect to the intentions of the testatrix, it was necessary for the court to hold that she used the words "personal property" to describe only her personal effects, furniture and furnishings.
 The order is affirmed.
 Ford, J., and Files, J., concurred.