22178, 22192.   COSGRO v. QUINN, Executor, et al.; and vice versa.

ARGUED SEPTEMBER 11, 1963—DECIDED OCTOBER 11, 1963—
REHEARING DENIED NOVEMBER 7, 1963.

*Ben F. Sweet,* for plaintiff in error.

*Westmoreland, Hall & Pentecost,* contra.

ALMAND, Justice.   The main bill of exceptions (Case No. 22178) assigns error on a final decree construing a will and the cross bill (Case No. 22192) assigns error on the order overruling the general and special demurrers of the defendant to the petition.

We are of the opinion that a decision on the ruling on the demurrers will control the ultimate judgment and we therefore will first review the order overruling the defendant's demurrers complained of in the cross bill of exceptions.   A ruling in this case on a general demurrer to a petition to construe the will necessarily results in a construction of the will with reference

to the matter in controversy. *Armstrong v. Merts,* 202 Ga. 483 (43 SE2d 512); *Budreau v. Mingledorff,* 207 Ga. 538 (63 SE2d 326).

■ Isabel H. Cosgro, a legatee and sister of the testatrix, Mrs. Rose H. Quinn, in her petition against John E. Quinn, as executor and individually, prayed that the court construe certain items of the testatrix's will and declare the rights of the parties. In item 4 of the will the testatrix appointed her nephew, the defendant, as executor "with full power and authority to dispose of my estate as hereinafter provided and in such disposition to exercise such discretion as I might have exercised myself." Item 5 of the will provided: "I devise and bequeath to my sister, Isabel Hickey Cosgro, my stocks, bonds and cash, including money in any bank and invested in any Savings and Loan Association." In item 6 the testatrix devised all her real estate to the defendant. Item 8 provided: "I will and direct that all of my personal effects and all of the residue of my estate shall pass to my executor with power and authority in said executor to distribute such undisposed property or personal effects to such parties, institutions or organizations that the executor may select. I give to my said executor full power and discretion to select the beneficiaries of such residue of my estate." The petition alleged that at the time of the testatrix's death the defendant was indebted to the testatrix upon a series of promissory notes which were secured by a security deed and that the defendant, as executor, has, without payment of the indebtedness, caused the security deed to be canceled. Paragraph 8 of the petition alleged: "Petitioner shows that the term or words 'bonds' within the phrase 'stocks, bonds and cash' contained in Item 'Five' of said Will, which items of property were thereby specifically bequeathed to Petitioner, demands a construction and meaning which embraces and includes the debt, obligation or chose in action represented by the said series of promissory notes referred to in the preceding paragraph '7' and embraces and includes the Correction Deed to Secure Debt also referred to in said preceding paragraph '7', in an amount and to the extent that said promissory notes were unpaid and outstanding on October 24, 1960, the date of death of said Rose Hickey Quinn." The prayers of the petition were: (a) that the court decree that

the unpaid promissory notes passed to the petitioner under item 5 of the will; (b) that the defendant be required to deliver possession of the notes and the security deed to the petitioner; and (c) that the cancellation of record of the security deed be annulled.

The defendant, as executor and in his individual capacity, filed a general demurrer to the petition and a special demurrer to paragraph 8 of the petition which were overruled.

It is thus seen from the petition and the demurrers that the sole issue is the construction of the word "bonds" in item 5 of the will. The plaintiff contends that the word "bonds" includes "promissory notes" and that the notes passed to her, whereas the defendant contends that item 5 did not include promissory notes and such notes passed to the defendant executor in item 8, the residuary clause.

We are of the opinion that the word "bonds" in item 5 does not include "promissory notes" and that the court erred in overruling the demurrers. The will does not disclose whether the bonds were public, corporate or individual obligations. The general and accepted definition of a bond is that it is "a certificate or evidence of a debt." Black, Law Dictionary (4th ed. 1951), p. 224. A negotiable promissory note is defined in *Code* § 14-1701 as "an unconditional promise in writing made by one person to another, signed by the maker, engaging to pay on demand, or at a fixed or determinable future time, a sum certain in money or in cotton or other articles of value to order or to bearer." In its taxation of intangibles the State recognizes a distinction between a bond and notes secured by real estate, in that the tax on bonds is at a different rate from the tax on long term notes secured by real estate. Ga. L. 1953, Nov. Sess., pp. 379, 382, 383; *Code Ann.* §§ 92-162, 92-163. At common law a bond was known as a specialty. The common law definition is followed in this State. *Code* § 20-104 provides: "A specialty is a contract under seal, and is considered by the law as entered into with more solemnity, and consequently of higher dignity, than ordinary simple contracts." The difference between a bond and an ordinary simple contract to pay an indebtedness is discussed in *Trustees of Jesse Parker Williams Hospital v. Nisbet*, 189 Ga. 807 (7 SE2d 737).

We therefore conclude that the promissory notes representing the indebtedness of the defendant to the testatrix did not pass under item 5, but that they passed as personal property under item 8 to the executor.

Even if it be conceded that the executor under item 8 did not have the legal right to cancel his individual indebtedness to the estate and to enter a satisfaction of the security deed, it would be of no benefit to the plaintiff for the reason that under this item the notes passed to the executor "with full power and discretion to select the beneficiaries of such residue of my estate."

The court erred in not sustaining the general demurrer and the first ground of the special demurrer.

*Judgment reversed on the cross bill; main bill dismissed. All the Justices concur.*