31224. CANNON v. FIRST NATIONAL BANK OF ATLANTA et al.
31229. FULLER v. CANNON et al.
31233. FIRST NATIONAL BANK OF ATLANTA v. CANNON et al.

NICHOLS, Chief Justice.

Fred Cannon, Jr. filed a complaint in which he sought to obtain the proceeds of a note which was a part of his mother's estate at the time of her death in 1970. The complaint alleged that the First National Bank and Drew Fuller had fraudulently placed such note in a trust administered by the First National Bank as trustees while serving as co-executors of his mother's estate. The trial court denied a motion for summary judgment made by the plaintiff in which he sought a construction of his mother's will. The defendants in the trial court appealed from judgments which held that contingent beneficiaries of the trust and residuum were not necessary parties to the action. While the three appeals present numerous questions the controlling question is the construction of the testatrix' will.

1. Item IV of the testatrix' will provided in part: "I give and bequeath all the rest and remainder of my personal property except cash, stocks and bonds, to my son, Fred L. Cannon, Jr. . . . ." This item of the will then provides that in the event the testatrix' son is not living at the time of her death, said items of personal property should be divided

between the children born of the son's marriage to Vicki Cannon, equally, share and share alike. Item VI of the will then provides that all the residue of the testatrix' estate shall go to the First National Bank of Atlanta as trustee for specific purposes. The trustee is directed to pay "a portion of such trust income" to Fred L. Cannon, Jr. for and during his lifetime, to wit: $20,000 per year in equal monthly installments. The trustee is then given authority to encroach upon the corpus of such trust in order to provide medical care and treatment to the testatrix' son. The trustee is then directed that upon the death of the testatrix' son to continue to invest and reinvest said property and pay a portion, all or none of such trust income to or among or for the benefit of the testatrix' son's wife, Vicki Cannon, and the children born of such marriage. Provisions are then made for the education of the testatrix' grandchildren and for distribution of the corpus of the trust among the grandchildren or their heirs, etc.

On July 17, 1970 the testatrix sold a large tract of land and took a deed to secure debt and promissory note in connection with said sale. The will was dated August 13, 1970 and the codicil thereto was dated November 16, 1970. She died on December 26, 1970. The record shows without dispute that the trust provided for in Item VI would fail completely if the phrase "personal property except cash, stocks and bonds" should be construed to include all personal property, tangible and intangible, owned by the testatrix at the time of her death. In support of his contention the plaintiff relies upon the decision of this court in *Cosgro v. Quinn,* 219 Ga. 272 (133 SE2d 343) (1963) which held that an item of a will bequeathing to one individual the "stocks, bonds and cash" did not include promissory notes under the terms of that will.

In the recent case of *Alford v. C. & S. Nat. Bank,* 237 Ga. 194 (1976), it was held that a bequest of "bonds, capital stock or other securities" did not include promissory notes owned by and payable to the testator at the time of his death.

No contention is made that the promissory notes given in connection with a deed to secure debt to real estate are not personal property. The question presented

is whether the words "personal property" used in Item IV of the will should be given the broad interpretation which would include all personal property, both tangible and intangible, or the more restricted interpretation which would include only tangible personal property and would of necessity not include the promissory note which is the basis of this litigation.

In *Blakeman v. Harwell,* 198 Ga. 165, 175 (31 SE2d 50) (1944), Justice Warren Grice, speaking for the court, held: "Courts have frequently held that the words 'personal property' are susceptible of two meanings: one, the broader, including everything which is the subject of ownership, except lands and interest in lands; the other, more restricted, oftentimes embracing only goods and chattels. In ascertaining from the entire will, and the surrounding circumstances, what the intention of the testator was by the use thereof, it has not infrequently been ruled that the term 'personal property' did not include money, notes, and choses in action. Bryant v. Bryant, 129 Me. 251 (151 A 429); Bills v. Putnam, 64 N. H. 554 (15 A 138); Andrews v. Schoppe, 84 Me. 170 (24 A 805); In re Combs' Estate, 136 Cal. App. 286 (28 P2d 711); In re Cowden's Estate, 10 Cal. App. 2d 481 (51 P2d 1165); Bond v. Martin (Ky.), 76 SW 326; Stender v. Stender, 181 Mich. 648 (148 NW 255); In re Moore's Estate, 241 Pa. 253 (88 A 432); Southington Bank v. American Baptist Home Mission, 96 Conn. 107 (113 A 166).

"It was said in Bills v. Putnam, supra, that it is at least doubtful whether the term 'personal property' is generally understood to include money, notes, and choses in action, and that in its popular meaning it is commonly applied to goods and chattels. Several of the cases cited above discuss the reason for the holding that in some instances those words should not be construed to include money, stocks, and bonds, and similar intangibles. If to give it the more restricted meaning would give effect to all the provisions of the will, such rendition will be adopted; if, to give it the broader meaning, other items of the will would be impossible of execution. In *Welman v. Neufville,* 75 Ga. 124, this court, in affirming a case from Chatham superior court, adopted a written opinion of the trial judge, saying that the question raised as to the proper

construction of the will there involved had been so satisfactorily determined by the trial judge that any addition thereto would be superfluous. It was in that case ruled that the words 'personal effects,' as used in a bequest, were 'intended only to cover and convey articles of slight value having a value derived chiefly from association and personal use,' and were not intended to operate on the remainder of a valuable estate, which went under a residuary clause to a certain church. See also *Mathis v. Causey,* 172 Ga. 868 (159 SE 240, 75 ALR 111). In *West v. Randle,* 79 Ga. 28 (3 SE 454), it was held that the words 'all the property,' contained in item 14 of a will were to be taken in a restricted sense, so as to exclude certain property specifically devised in item 12 of the same will. One reason given for the ruling was that the court was bound to seek the testator's intention by looking to the whole will, and if possible to render the whole instrument operative.

"Having demonstrated that the words, 'my personal property,' do not necessarily mean intangibles also, we have but to apply a few well-known rules to the will itself, in the light of the surrounding circumstances, to be satisfied that as here used they were intended in a restricted sense, and that the trial court correctly decreed that they were used by the testatrix in the sense of tangible personal property. The intention of the testator is to be sought by looking to the whole will, and not to detached parts of it. *Cook v. Weaver,* 12 Ga. 47. Effect should be given to the entire will and to every part of it, if possible. *Brown v. Weaver,* 28 Ga. 377; *Rogers v. Highnote,* 126 Ga. 740 (56 SE 93). All the provisions of the instrument will be harmonized wherever possible so as to give effect to every provision therein. *Robertson v. Johnston,* 24 Ga. 102; *Tyler v. Theilig,* 124 Ga. 204, 207 (52 SE 606). As an aid to construction, it is proper to look to the circumstances surrounding the testatrix at the time of the execution of the will. Code § 113-807; *Watts v. Finley,* 187 Ga. 629 (1 SE2d 723). What does the record show as to the situation of the testatrix, of her family, her property, and the legatees?"

What does the record show with reference to the estate of the testatrix in this case? The value of the entire

estate after the payment of estate taxes was less than the amount due on the note. Thus, if the note in question was included in the definition of personal property, then most of the remainder of the will must of necessity fail. However, if the term "personal property" is given the more restricted interpretation, so as not to include "intangible personal property," then the remaining provisions of the will, including the trust created for the benefit of the plaintiff in this action, his wife and children, could easily be carried into effect.

In order to give the entire will effect, the language in Item IV "personal property," will be construed in the stricter sense so as to include only tangible personal property. Accordingly, the trial court did not err in overruling the plaintiff's motion for summary judgment.

2. Inasmuch as the only alleged "fraud" in the plaintiff's complaint dealt with the delivery of the note and its proceeds by the executors of the testatrix' estate to the trustee, and since under a proper construction of the will this action was not fraudulent, the questions presented by the appeals of the First National Bank and Drew Fuller dealing with the naming of additional parties are deemed moot.

The judgment of the trial court overruling the plaintiff's motion for summary judgment is affirmed and the case is remanded for further action in accordance with this opinion.

*Judgment in Case No. 31224 affirmed with direction. The appeals in Case Nos. 31229 and 31233 dismissed. All the Justices concur.*

ARGUED JUNE 16, 1976 — DECIDED SEPTEMBER 7, 1976 — REHEARING DENIED SEPTEMBER 27, 1976.

*Arnall, Golden & Gregory, H. Fred Gober,* for appellant (case no. 31224).

*McCurdy & Candler, George H. Carley, Harland, Cashin, Chambers, Davis & Doster, James R. Harland, Jr., Joe G. Davis,* for appellees (case no. 31224).

*Harland, Cashin, Chambers, Davis & Doster, James R. Harland, Jr., Joe G. Davis, Jr.,* for appellant (case no.

31229).

*McCurdy & Candler, George H. Carley, Arnall, Golden & Gregory, H. Fred Gober,* for appellees (case no. 31229).

*McCurdy & Candler, George H. Carley,* for appellant (case no. 31233).

*Arnall, Golden & Gregory, H. Fred Gober, James R. Harland, Jr., Joe G. Davis, Jr.,* for appellees (case no. 31233).