## 34823, 34824. BURT v. COMMERCIAL BANK & TRUST COMPANY et al. (two cases).
## 34825. BOLTON v. COMMERCIAL BANK & TRUST COMPANY et al.

HILL, Justice.

Mrs. Ella Touchstone Williams, a resident of Spalding County, Georgia, died testate on September 24, 1976. The Commercial Bank & Trust Company of Griffin, named as executor and trustee, probated the will in solemn form.

Testatrix was survived by her husband, Lewis Williams, and by her two granddaughters, Jan and Beverly Burt, 20 and 15 years of age respectively at the time of the filing of the complaint in this case. Jan and Beverly are the daughters of testatrix' only child, a daughter who predeceased testatrix.[1]

On March 9, 1978, Jan Burt, individually and as administratrix of her grandfather's estate,[2] filed a complaint in equity in the Superior Court of Spalding County for construction of the will alleging that Item 4 violates the Rule against Perpetuities.[3] She named as

---

[1] The fact that testatrix' only child predeceased testatrix, thereby terminating the possibility that testatrix could have grandchildren born after testatrix' death, is critical in this case. This fact distinguishes this case from many of its predecessors as well as its successors.

[2] Lewis Williams died testate on February 25, 1977. His will was probated in solemn form and Jan Burt was appointed administratrix with the will annexed on April 4, 1977.

[3] Item 4 provides as follows: "All of the remainder of my property, of every kind and character, wherever located, including any lapsed legacy or devise, and including any property over which I may have power of distribution or appointment, I give, bequeath and devise to the Commercial Bank & Trust Company, as Trustee, nevertheless, for the uses and purposes hereinafter set out: . . .

"(f) The net income derived from this trust from the

defendants the bank in its capacity as executor and trustee, each of the devisees under Item 4 (except herself and her deceased grandfather), and the Honorable Arthur K.

___

date of my death shall be paid to my beloved husband, Lewis Williams, for and during his life in semi-annual or more frequent installments . . .

"(h) After the death of my husband, Lewis Williams, I direct my Trustee to divide my household furniture and furnishings into equal shares for my said grandchildren, Jan Burt and Beverly Burt, or said grandchildren deceased with children then living, and distribute to said grandchildren then living or to grandchildren deceased with children then living . . .

"(k) After the death of my husband, Lewis Williams, and upon the first of my two grandchildren becoming 18 years of age, I direct my Trustee to divide said Trust into equal shares for my said grandchildren then living: provided, however, that in creating the shares, I direct that the Maynard Place, being more particularly described as 50 acres in Spalding County, Georgia . . . be divided in 2 equal parcels with one parcel being placed in that share created for Jan Burt; and the other parcel being placed in that share created for Beverly Burt.

"(l) I direct my said Trustee to place one such share in trust for each of my said grandchildren then living or deceased with children then living. Any such Trust established for my said grandchild, Jan Burt or her living children aforesaid, shall be known and designated as Trust 'A'. Any such Trust established for my said grandchild, Beverly Burt, or her living children aforesaid, shall be known and designated as Trust 'B'.

"(m) I designate the Commercial Bank & Trust Company, Griffin Georgia, as Trustee over Trust 'A' and Trust 'B' aforesaid . . .

"(n) After the establishment of Trust 'A' or Trust 'B', or either of them, my Trustee shall retain the real and personal property of said Trust until the respective grandchild for whom the Trust was established attains the age of 18 years. After the respective grandchild attains the age of 18 years, I direct my Trustee to pay the net income from said trust to the respective grandchild for whom the Trust

Bolton, as Attorney General of the State of Georgia.[4] Neither Jan nor Beverly Burt has a child or children and a guardian ad litem was appointed to represent their future

---

was established for and during her life in semi-annual or more frequent installments: and after her death the net income thereafter earned, to her children, for and during their lives in semi-annual or more frequent installments.

"(o) After my grandchild, Jan Burt, attains the age of 25 years, I direct my Trustee to convey to said grandchild that portion of the Maynard Place heretofore placed in Trust 'A' for her life with remainder to her children.

"(p) After my grandchild, Beverly Burt, attains the age of 25 years, I direct my Trustee to convey to said grandchild that portion of the Maynard Place heretofore placed in Trust 'B' for her life with remainder to her children.

"(q) In the event that either of my grandchildren should die without children living, then the trust established for said grandchild, if living, or grandchild deceased with children living, shall pour over into the trust established for the other said grandchild, if living, or grandchild deceased with children living.

"(r) After the death of my husband, and the death of my two grandchildren, and the death of their children, if any, I direct my Trustee to liquidate my Estate and all Trusts herein created. Thereafter, I direct my said Trustee to give $20,000.00 in cash to the Mt. Zion Methodist Church, Spalding County, Georgia: $5,000.00 in cash to the Assembly of God Church, Digby, Georgia; $3,000.00 in cash to the American Cancer Society; and the remainder to an orphan or childrens home or homes, or both, in the State of Georgia, selected by my Trustee, in its sole discretion."

[4]The Attorney General appeared in his official capacity as representative of the beneficiaries of charitable trusts. Code Ann. § 108-212. He moved to dismiss the complaint on the ground that the plaintiff lacked standing and failed to state a claim for relief. The trial court overruled the motion and no appeal was taken from that order.

children.

The trial court construed Item 4 and ruled that the life estates to the testatrix' great-grandchildren violated the rule. The court then ruled that at the death of Jan as to Trust A and of Beverly as to Trust B, the trust would terminate and the corpus pass to their children or the heirs of their deceased children; if none exist, the corpus would revert to the testatrix' estate.

Jan and Beverly Burt each appeal and argue that the trial court should have ordered the trust terminated and the fee vested in them as the last legal takers.[5] The Attorney General appeals, arguing that the trial court erred in finding that Item 4 violated the Rule against Perpetuities and in voiding the four vested charitable remainders.

The Rule against Perpetuities as codified in Georgia, Code Ann. § 85-707(a), provides: "Limitations of estates may extend through any number of lives in being at the time when the limitations commence, and 21 years, and the usual period of gestation added thereafter. A limitation beyond that period the law terms a perpetuity and forbids its creation." This is recognized as a statement of the common law rule. *Reeves v. Comfort,* 172 Ga. 331 (2) (157 SE 629) (1930); Pindar, Ga. Real Estate Law 269, § 7-130 (1971); 11 EGL 175, Estates, § 130; 24 EGL 9, Perpetuities, § 3. The common law rule, as stated by Gray and, according to Leach, "adopted by practically every court which has dealt with the subject" (Leach, Perpetuities in a Nutshell, 51 Harv. L. Rev. 638, 639 (1938)), is as follows: "No interest is good unless it must *vest,* if at all, not later than twenty-one years after some life in being at the creation of the interest." Gray, The Rule against Perpetuities 4 Ed. 191, § 201 (1942). (Emphasis supplied.) As Leach suggested, the word "vest" has been emphasized.

Remainders are not invalidated by the rule unless they fail to *vest* within the term provided. See *Erskine v.*

---

[5]Though Beverly Burt is named defendant, her interests and positions are identical to those of her sister, the plaintiff.

*Klein,* 218 Ga. 112, 117 (126 SE2d 755) (1962). As Leach explains: "The Rule against Perpetuities is a rule invalidating interests which *vest* too remotely. Indeed, it is often called the rule against remoteness of vesting. It is *not* a rule invalidating interests which *last* too long." Leach, supra, at 639. See also 24 EGL 9, Perpetuities, § 3, supra.

"The first step in determining whether or not the rule is violated is choosing the measuring life or lives. That person or those persons must be lives in being at the creation of the interest, which in the case of a will is the testator's death." *Rogers v. Rooth,* 237 Ga. 713, 715 (229 SE2d 445) (1976). For the application of the rule to the two trusts in this case, the measuring lives are Jan and Beverly Burt respectively.

The second step in determining whether or not the rule is violated is to focus attention upon the succeeding interests at the death of the measuring lives. Will those interests necessarily be vested at the death of the measuring lives, or within 21 years and the usual period of gestation thereafter? If so, the interests do not violate the rule. If not, the rule is violated. Code Ann. § 85-707(a). In the case at hand, upon the death of Jan Burt (the measuring life as to Trust A), her surviving children will have been born, will be known , and will have a vested right to the income, for life, from Trust A. Similarly, upon the death of Beverly Burt, her surviving children will have a vested right to the income, for life, from Trust B. The life interests of Jan and Beverly Burt's children are contingent as of the time of the testatrix' death, but that does not render their interests contingent at the death of the measuring lives. The requirement of the rule is not that all interests be vested at the death of the testatrix, but that all interests become vested within the period of the rule.

Bearing these principles in mind, an analysis of the devise here challenged reveals that the gifts to testatrix' husband and two named grandchildren are valid because they must vest, if at all, within the lives of those devisees, who were themselves in life at testatrix' death; likewise the gifts to testatrix' great-grandchildren must vest, if at all, upon the deaths of the two named grandchildren, the

measuring lives.

In applying the rule in this case, let us disregard for one moment only the existence of the trust. A devise of Blackacre to Lewis Williams for life, then to Jan and Beverly Burt for life, then to Jan and Beverly Burt's children for life, then to specified charities in fee simple, would not violate the rule. (This is so notwithstanding the fact that the life estates in Jan and Beverly Burt's children may extend for more than 21 years.) A similar devise in trust for Jan and Beverly Burt for life and then to their children for life does not violate the rule. The conceptual difficulty is that in the first instance, upon the deaths of Jan and Beverly Burt their children receive the whole of Blackacre for life, yet in the case of the trust, upon the deaths of Jan and Beverly Burt their children receive not the corpus of the trust but only the income, paid periodically. Nevertheless their right to receive the income vests at the death of the measuring life and hence the rule is not violated. Insofar as the vesting requirement of the Rule against Perpetuities is concerned, there is no difference between having a life estate in Blackacre and a trust giving the beneficiary the right to receive the income from Blackacre for life.

Finally, the gifts over to the charities are vested remainders. Leach, supra, at 639-640. Since the charitable bequests vested at testatrix' death, they are not affected by the rule.[6] *Erskine v. Klein,* supra. Item 4 does not violate the Rule against Perpetuities.

In upholding the validity of this testamentary devise, we have necessarily rejected the contention that trusts must not only vest but must also terminate within

---

[6]Appellants Jan and Beverly Burt argue that the remainder to the orphan's or children's homes to be selected by the trustee is contingent because the identity of the recipient may not be established until more time has elapsed than is allowable. We hold, however, that the power in the trustee to select a described but unnamed charitable remainderman does not void the remainder. Code Ann. § 113-815; See *Perkins v. C. & S. Nat. Bank,* 190 Ga. 29 (8 SE2d 28) (1940).

the period decreed by the rule. That position has never been expressly adopted by the court. See, e. g., *Capers v. Camp,* 244 Ga. 7 (1979). To the extent that *Burton v. Hicks,* 220 Ga. 29 (136 SE2d 759) (1964), stands for such a rule, it is hereby overruled. We see no reason why an otherwise valid devise, such as that challenged here, should be invalidated merely because the testatrix has utilized a trust. *Erskine v. Klein,* supra. We therefore hold that a trust does not violate the Rule against Perpetuities when the interests of the beneficiaries *vest* within the period of the rule even though the trust remains in effect beyond the period of the rule. *Lanier v. Lanier,* 218 Ga. 137 (3) (126 SE2d 776) (1962) citing CJS; Restatement of the Law, Trusts 2d, § 62 Comment n.

*Judgment reversed. All the Justices concur.*

ARGUED MAY 14, 1979 — DECIDED SEPTEMBER 5, 1979 — REHEARINGS DENIED SEPTEMBER 25, 1979.

*Seay, Sims & Park, Clifford Seay,* for appellant (Case No. 34823).

*Anderson, Walker & Reichert, Mallory C. Atkinson, Jr., Richard L. Collier, Beck, Goddard, Owen & Murphy, James C. Owen, Jr., A. Ronald Cook, Arthur K. Bolton, Attorney General, Brenda Hill Cole, Staff Assistant Attorney General,* for appellees (Case No. 34823).

*Mallory C. Atkinson, Jr.,* for appellant (Case No. 34824).

*Marshall R. Sims, Clifford Seay, James C. Owen, Jr., A. Ronald Cook, Arthur K. Bolton, Attorney General Brenda Hill Cole, Staff Assistant Attorney General,* for appellees (Case No. 34824).

*Arthur K. Bolton, Attorney General, Brenda Hill Cole, Staff Assistant Attorney General,* for appellant. (Case No. 34825).

*Clifford Seay, J. C. Owen, Jr., Mallory C. Atkinson, Jr., A. Ronald Cook,* for appellees (Case No. 34825).