43224. FIRST NATIONAL BANK OF ATLANTA v. JENKINS.
43225. HOWELL v. JENKINS.
43226. BRANNON v. JENKINS.
(345 SE2d 829)

CLARKE, Presiding Justice.

This appeal presents the question of whether the vesting of remainder interests under the will of Thurston A. Carlton violates the rule against perpetuities. The trial court concluded that the rule was violated. We construe the will to find no violation and reverse.

At issue are provisions in the will involving Hubert Carlton, the son of the testator and the life beneficiary under the will, and the remainder beneficiaries who are the lineal descendants of J. H. Carlton, brother of the testator. The action was initiated by appellee Gail Carlton Jenkins, daughter of Hubert Carlton, who filed suit for declaratory judgment alleging that the language in the will violates the rule and that property held by the trustee should be distributed to the estate of Hubert Carlton who died in 1984.

The language at issue is as follows:

"Item 4, Paragraph 1: My trustee shall preserve, manage and control said trust property for and during the life of my son, Hubert R. Carlton, and shall pay to my said son One Hundred ($100.00) Dollars each month for and during his natural life, and shall also pay all reasonable and necessary hospital and medical expense incurred by him during his life time and at his death pay for his funeral expense and grave marker suitable to his station in life.

"Item 4, Paragraph 5: Upon the death of my son, Hubert R. Carlton, and after all provisions herein for him have been taken care of, my trustee is directed to divide all the remaining trust property into equal shares, one for each child of my brother, J. H. Carlton, then living and one for the descendants per stirpes of each child of J. H. Carlton then dead leaving lineal descendants living at that time and shall deliver or pay to each of said living children and the descendant per stirpes of each of said dead children of said J. H. Carlton an equal share of said trust property."

The trial court construed the language to mean that the remainder of the children of J. H. Carlton was contingent upon their surviving Hubert Carlton and contingent upon their surviving until certain debts of his estate were paid. Since the latter time is unascertainable and could cause vesting past the time allowed by the rule the court ruled that the estate must vest in the estate of Hubert Carlton, the last legal taker under the will. OCGA § 44-6-1 provides that if the rule is violated the estate will vest in the last legal taker.

The determination of whether a devise violates the rule must focus on vesting. "Remainders are not invalidated by the rule unless they fail to *vest* within the term provided." *Burt v. Commercial Bank*

*&c. Co.*, 244 Ga. 253, 256 (260 SE2d 306) (1979). The Georgia policy is to construe instruments in favor of vesting "at the earliest possible time unless the intention of the testator is clearly manifest to the contrary." *Miller v. Brown*, 215 Ga. 148, 150 (109 SE2d 741) (1959). The appellants contend that under the language of the will the beneficiaries become vested at the death of Hubert Carlton and therefore no violation of the rule against perpetuities exists.

We agree with appellants and reject the strict construction relied upon by the appellee which would delay vesting until "after all provisions herein for him have been taken care of." In our view the remainder beneficiaries vested at Hubert's death, and only possession or actual payment to them is to be delayed until his estate is settled, including payments for funeral expenses and the grave marker. These duties are placed upon the trustee in paragraph 1 and should be performed in a reasonable time. The court will look to the intent of the testator when construing the language of a will and, whenever possible, the intent of the testator will govern the outcome. *Sheats v. Johnson*, 229 Ga. 150 (189 SE2d 856) (1972); *Walker v. Bogle*, 244 Ga. 439 (260 SE2d 338) (1979). In construing the will of Governor George Troup this court stated that the court would not impute to the testator an intention to violate the laws, including the rule against perpetuities. *Forman v. Troup*, 30 Ga. 496 (1860). The court will presume that the testator's intent is to make a valid, legal gift and will therefore adopt a construction that does not violate the rule against perpetuities when possible. See *Norton v. Ga. R. Bank &c.*, 253 Ga. 596 (322 SE2d 870) (1984).

While the language of Thurston Carlton's will may be susceptible to the construction placed upon it by the trial court, it is also susceptible to a construction making all provisions of the will valid. Following the rules of construction favoring the validity of the will as directed by the testator and to give effect to the intention of the testator we find no violation of the rule against perpetuities.

*Judgment reversed. All the Justices concur.*

DECIDED JULY 2, 1986 —
RECONSIDERATION DENIED JULY 30, 1986.

*Whelchel, Whelchel & Carlton, Hoyt H. Whelchel, Hansell & Post, Edward S. Grenwald, John L. Watkins, David P. Baum, Fallin & McIntosh, Billy G. Fallin, Hayes & McDonald, John H. Hayes,* for appellants.

*Moore & Chambliss, C. Saxby Chambliss,* for appellee.