S92A0201. COLLIER et al. v. FIRST NATIONAL BANK OF
ATLANTA et al.
(417 SE2d 653)

CLARKE, Chief Justice.

Preston C. Upshaw died, survived by his wife, Alice Boardman Upshaw, as well as his two children from a previous marriage, Anne Upshaw Chalmers and Preston C. Upshaw, Jr., the appellees herein. In his will Preston C. Upshaw bequeathed one-third of his estate (approximately $1.5 million in securities) to Alice Upshaw. Subsequently Alice Upshaw, the decedent in this case, executed a will. Item Three of her will stated that the bequest from her husband had not yet been delivered to her, but that

> I have instructed the [First National Bank of Atlanta] upon distribution of these assets to establish with this bequest a living revocable trust with said Bank, instructing it to pay the net income to me for my life, plus any encroachments made necessary because of any lengthy debilitating illness which I may have, and with the remainder to be delivered at my death equally to ANNE UPSHAW CHALMERS and PRESTON C. UPSHAW, JR. Should I die before such a trust can be established, I hereby instruct my Executor to retain in my estate any income from such bequest from my late husband accruing from the date of his death, plus any such expenses incurred for any serious illness as described above, and thereupon to deliver the balance of this bequest to ANNE CHALMERS UPSHAW and PRESTON C. UP-SHAW, JR. in equal parts.

Approximately six months later the decedent executed a living revocable trust agreement, making appellee First National Bank of Atlanta (the Bank) the trustee. The decedent retained a life estate in this trust. The assets of the trust consisted of the securities Alice Upshaw had received from her husband's estate. Item C of the trust provided, in pertinent part,

Upon my death, the property in this trust, both principal and undistributed income, shall be distributed by my Trustee to the authorized personal representative of my estate to be administered and distributed by such personal representative in accordance with my Last Will and Testament, if any, and if none, among the persons who would be entitled thereto under the laws of descent and distribution of the State of Georgia.

Following Alice Upshaw's death, the Bank drafted a plan of distribution "in accordance with the specified items" of the decedent's will. The plan provided that Anne Chalmers and Preston Upshaw, Jr. would each receive $781,472.52. The plan further provided that because the residue of the estate would be used to pay all estate taxes, the residual beneficiaries would receive nothing.

After a number of beneficiaries expressed their disagreement with the plan of distribution, the Bank brought this action for declaratory judgment, praying that the trial court construe the will and the trust agreement, and that the court direct the Bank's actions in distributing the estate. Appellants herein are certain beneficiaries under the will. The trial court granted the Bank's motion for summary judgment and denied that of appellants', specifically approving the Bank's plan of distribution.

1. The appellants argue that the trust created by the trust agreement is not the trust contemplated by the decedent's will. Rather, the appellants maintain that the terms of the trust agreement dictate that trust assets are to be "poured back" into the decedent's estate to satisfy special and residual bequests, as well as to pay estate taxes.

We do not agree. This court has held that it "will look to the intent of the testator when construing the language of a will and, whenever possible, the intent of the testator will govern the outcome." *First Nat. Bank of Atlanta v. Jenkins*, 256 Ga. 223, 224 (345 SE2d 829) (1986). It is clear that the decedent intended to create a trust which would pass the bequest from her husband's estate on to his children at her death. It is equally clear that the decedent did, as specified in her will, create a revocable living trust after the bequest from her husband's estate was partially distributed to her, fully funding it with her husband's bequest after its final distribution. The issue

before us is whether the fact that the decedent failed to specifically name Anne Chalmers and Preston Upshaw, Jr. as the beneficiaries of this trust prevents them from taking under the trust. We conclude that, under the circumstances of this case, it does not.

By stating in her trust agreement that the trust assets would, at her death, be "distributed by my personal representative *in accordance with my Last Will and Testament*," the decedent incorporated the distribution scheme of Item Three of her will into the trust agreement. (Emphasis supplied.) This conclusion is bolstered by the clear expression of intent in the decedent's will that the appellees should receive these assets under the trust, and the short period of time between execution of the will and the trust agreement. Construing the two documents together we are persuaded that the decedent's intent was for the appellees to take these assets under the trust, and that the trust provided for this by directing that the assets be distributed in accordance with the will. The failure to specifically mention Item Three of the will in the trust agreement does not prevent the appellees from taking under the trust. We do not view the instructions contained in the trust relating to the payment of trust assets to the representative of the decedent's estate for distribution as a termination of the trust and surrender of its assets. Rather, we hold that this provision simply designates the executor of the will as the agent of the trustee for the purpose of carrying out the provisions of the trust.

Contrary to the appellants' assertion, we conclude that the trust created is the trust contemplated by the decedent's will. As such, the trial court did not err in granting summary judgment to the appellees on the issue of whether these assets should be distributed to Anne Upshaw Chalmers and Preston Upshaw, Jr.

2. As stated above, the Bank's plan of distribution provided that all estate taxes would be paid out of the residuary. Without deciding where the liability for the estate taxes rests, we vacate that portion of the trial court's order. The question of whether the transfer of these assets from the decedent to the appellees by means of the trust casts tax liability on the estate or upon the trust must be answered under the Internal Revenue Code. As such, it is beyond the jurisdiction of this court.

*Judgment affirmed in part and vacated in part. Clarke, C. J., Weltner, P. J., Bell, Hunt, Fletcher, Sears-Collins, JJ., and Judge James H. Weeks concur. Benham, J., disqualified.*

### ON MOTION FOR RECONSIDERATION.

The appellants and First National Bank of Atlanta, which did not file a brief on appeal, have filed a motion for reconsideration from our decision. They argue that this court has a duty under *Riggs v. Del*

*Drago*, 317 U. S. 95 (63 SC 109, 87 LE 106) (1942), to determine how the estate taxes are to be apportioned in this case. While that case did hold that

> Congress intended that the federal estate tax should be paid out of the estate as a whole, and that the applicable state law as to the devolution of property at death should govern the distribution of the remainder and the ultimate impact of the federal tax; . . . 317 U. S. at 97

the Court made it clear that the state's duty is to determine the ultimate burden of taxation with regard to "properties actually handled as part of the estate by the executor." 317 U. S. at 102. The Court distinguished from this rule those properties which pass outside the decedent's estate. 317 U. S. at 101-102.

We have held in this case that the assets in question do not pass through the decedent's estate, but rather pass through the trust. We further held that the trust property "does not pass through the executor's hands," 317 U. S. at 102, except for the limited purpose of authorizing the executor of the will to act as agent of the trustee for the purpose of carrying out the provisions of the trust.

Appellants nonetheless argue that under certain provisions of the Internal Revenue Code the executor may recover a proportionate share of the estate taxes paid on the trust from the beneficiaries of the trust. The appellees argue that the provisions cited by the appellants are either inapplicable, or were not in effect at the time the decedent transferred the assets to the trust. Further, the appellants and appellees argue that the trust assets are includable in the decedent's gross estate for valuation purposes under different sections of the Internal Revenue Code, each with different estate tax consequences.

The opinion in this case comports with *Riggs v. Del Drago*, supra. It holds that the assets pass under the trust. This amounts to a determination of the "devolution of the property" as authorized under *Riggs*. We can go no further.

*The motion for reconsideration is therefore denied.*

DECIDED JUNE 11, 1992 —
RECONSIDERATION DENIED JULY 16, 1992.

*Joseph C. Miller*, for appellants.
*Michael J. Bowers*, Attorney General, *Amelia Waller Baker*, Assistant Attorney General, *Jones, Day, Reavis & Pogue, Richard M. Kirby, R. Dal Burton, Ralph R. Morrison, Alston & Bird, G. Conley Ingram, Robert G. Edge, William H. Hughes, Jr., John C. Sawyer*,

for appellees.