## S92A1555. THORNTON v. BLACKWOOD et al.
(425 SE2d 290)

HUNT, Presiding Justice.

This appeal involves the construction of the will and codicil thereto of Mary G. Thornton. John H. Thornton, the testator's stepson, and a beneficiary under her will, appeals the trial court's order construing his bequest as limited to $10,000, without interest.

Under the will, and codicil executed the following year, Thornton, and the testator's two daughters received equal shares of the testator's "personal property." Thornton contends the trial court erroneously construed "personal property" to exclude the estate's major

asset: a note secured by a deed to secure debt which the testator received in 1980, four years after she executed her will, and which she held at her death in 1982. We pretermit the issue, argued by the parties, of how the term "personal property" should be construed under the principles of *Cannon v. First Nat. Bank*, 237 Ga. 562, 564 (229 SE2d 361) (1976). Rather, we look, as we must, to the intent of the testator. OCGA § 53-2-91; *Collier v. First Nat. Bank*, 262 Ga. 338, 339 (1) (417 SE2d 653) (1992). A review of the four corners of the will, and the codicil, shows the testator's unambiguous intent to include the note in question as part of the property to be divided among Thornton and the testator's two daughters. Thus, regardless of the legal meaning of the term "personal property" in this instance, the testator's intent governs, and the trial court erroneously construed the will to limit Thornton's bequest. Accordingly, the trial court's judgment is reversed, and the case is remanded to the trial court with direction that summary judgment be granted to Thornton. See *Buffington v. Childers*, 259 Ga. 179 (378 SE2d 122) (1989).

*Judgment reversed and remanded. Clarke, C. J., Benham, Fletcher, Sears-Collins and Hunstein, JJ., concur.*

DECIDED FEBRUARY 5, 1993.

*Hishon & Burbage, James G. Killough*, for appellant.
*Glover & Davis, Delia T. Crouch*, for appellees.